**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HENRY TUCKER, ON BEHALF OF
HIMSELF AND ALL OTHER PERSONS
SIMILARLY SITUATED,

               Plaintiff,

       v.

EXPRESS, INC,

               Defendant.

Case No. 1: 19-CV-09840-ER

**ORAL ARGUMENT**
**REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

MORGAN, LEWIS & BOCKIUS LLP

Michael F. Fleming
101 Park Avenue
New York, NY 10178
T: (212) 309-6207
F: (212) 309-6001
michael.fleming@morganlewis.com

Anne Marie Estevez*
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

*Admitted *Pro Hac Vice*

*Counsel for Defendant*

Dated: June 26, 2020

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 5

ARGUMENT ................................................................................................... 6

I.    THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO
      STATE A CLAIM. ...................................................................................... 7

      A.    A Gift Card Is Not A "Place of Public Accommodation." ................... 7

      B.    The ADA Does Not Require Covered Entities To Offer Braille Gift Cards. ...... 11

      C.    Not Offering Braille Gift Cards Is Not A Failure To Offer Necessary
            Auxiliary Aids Or Services Under The ADA. ..................................... 15

      D.    Gift Cards Are Goods, Not Currency. ................................................ 18

II.   PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD ALSO BE
      DISMISSED. ............................................................................................ 20

III.  THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT
      HAVE STANDING TO ASSERT HIS CLAIMS. ....................................... 21

CONCLUSION ................................................................................................... 26

APPENDIX A – PACER Records for Plaintiff (as of June 22, 2020)

APPENDIX B – PACER Records for Plaintiff's Counsel (as of June 26, 2020)

APPENDIX C – Dominguez v. Banana Republic First Amended Complaint (Case No. 1:19-cv-
10171-GHW, Dkt. 22, February 21, 2020)

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.H. Phillips, Inc. v. Walling*,
    324 U.S. 490 (1945)..........................................................................................................8

*Am. Council of the Blind v. Paulson*,
    463 F. Supp. 2d 51 (D.D.C. 2006)................................................................................18

*Beecham v. United States*,
    511 U.S. 368 (1994)........................................................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................6

*Bernstein v. City of New York*,
    621 F. App'x 56 (2d Cir. 2015) ...................................................................................21

*Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*,
    980 F. Supp. 2d 588 (S.D.N.Y. 2013)..........................................................................20

*Cal. Indep. Sys. Operator Corp. v. FERC*,
    372 F.3d 395 (D.C. Cir. 2004)........................................................................................9

*Calcano v. Alamo Drafthouse Cinemas, LLC*,
    No. 1:19-cv-11386-LGS, 2020 WL 3318102 (S.D.N.Y. June 18, 2020) ......................2

*Calcano v. Art of Shaving, LLC*,
    No. 1:19-cv-10432, 2020 WL 1989413 (S.D.N.Y. Apr. 27, 2020) ........................1, 23

*Calcano v. Swarovski Ltd.*,
    No. 1:19-cv-10536, 2020 WL 1974143 (S.D.N.Y. Apr. 24, 2020) ........................1, 23

*Calcano v. Vineyard Vines, LLC*,
    No. 1:19-cv-11228-LGS, 2020 WL 3318100 (S.D.N.Y. June 18, 2020) ......................1

*Camarillo v. Carrols Corp.*,
    518 F.3d 153 (2d Cir. 2008)......................................................................................7, 16

*Castelan v. Universal Studios Inc.*,
    No. 12-5481, 2014 WL 210754 (C.D. Cal. Jan. 10, 2014).............................................12

*Castillo v. John Gore Org., Inc.*,
    No. 19- 0038, 2019 WL 6033088 (E.D.N.Y. Nov. 14, 2019) ........................22, 23, 24

*Chamaidan v. Tomy B. Haircare Inc.*,
No. 17- 6948, 2019 WL 4917895 (E.D.N.Y. Sept. 30, 2019) ...................................24

*Cortec Indus. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) .........................................................................................6

*Dicarlo v. Walgreens Boot All., Inc.*,
No. 15-2919, 2016 WL 482982 (S.D.N.Y. Feb. 5, 2016)...........................16, 17, 20

*Doe v. Mut. of Omaha Ins. Co.*,
179 F.3d 557 (7th Cir. 1999) ...............................................................................12, 13

*Dominguez v. Banana Republic, LLC*,
No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020) ................... *passim*

*Dominguez v. CKE Rests. Holdings*,
No. 1:19-cv-10816, 2020 WL 1974148 (S.D.N.Y. Apr. 24, 2020) ....................................1, 23

*Dominguez v. Grand Lux Café LLC*,
No. 1:19-cv-10345-MKV, 2020 WL 3440788 (S.D.N.Y. June 22, 2020) .........................2, 25

*Dominguez v. Taco Bell Corp.*,
No. 19-cv-10172-LGS, 2020 WL 3263258 (S.D.N.Y. June 17, 2020) .......................... *passim*

*Donahue v. Asia TV U.S.A., Ltd.*,
208 F. Supp. 3d 505 (S.D.N.Y. 2016).........................................................................6

*Durand v. Fairview Health Servs.*,
902 F.3d 836 (8th Cir. 2018) ...................................................................................16

*Feltenstein v. City of New Rochelle*,
No. 14-5434, 2019 WL 3543246 (S.D.N.Y. Aug. 5, 2019)...................................20

*Feltzin v. Clocktower Plaza Properties, Ltd.*,
No. 16-4329, 2018 WL 1221153 (E.D.N.Y. Mar. 8, 2018)........................22, 24, 25

*Feltzin v. Stone Equities, LLC*,
No. 16-6457, 2018 WL 1115135 (E.D.N.Y. Feb. 8, 2018) ...................................23

*Feltzin v. Triangle Props. #1, LLC*,
No. 14-5131, 2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016)................................22

*Ford v. Schering-Plough Corp.*,
145 F.3d 601 (3d Cir. 1998).....................................................................................12

*Fry v. Napoleon Cmty. Schs.*,
137 S. Ct. 743 (2017)..................................................................................................19

*Funches v. Barra*,
    No. 14-7382, 2016 WL 2939165 (S.D.N.Y. May 17, 2016) ...................................12

*Arizona ex rel. Goddard v. Harkins Amusement Enters.*,
    603 F.3d 666 (9th Cir. 2010) .................................................................................12

*Graves v. Finch Pruyn & Co.*,
    457 F.3d 181 (2d Cir. 2006)...................................................................................20

*Hall St. Assocs. v. Mattel, Inc.*,
    552 U.S. 576 (2008)..................................................................................................9

*Harty v. Greenwich Hosp. Grp.*,
    536 F. App'x 154 (2d Cir. 2013) .......................................................................21, 24

*Hirsch v. Campaniello Soho, Inc.*,
    No. 14-5097, 2015 WL 678662 (S.D.N.Y. Feb. 17, 2015)....................................24

*Jancik v. Redbox Automated Retail, LLC*,
    No. 13-1387, 2014 WL 1920751 (C.D. Cal. May 14, 2014) ..................................12

*Juech v. Children's Hosp. & Health Sys., Inc.*,
    353 F. Supp. 3d 772 (E.D. Wis. 2018)...................................................................16

*Kreisler v. Second Ave. Diner Corp.*,
    731 F.3d 184 (2d Cir. 2013)...................................................................................21

*Krist v. Kolombos Rest. Inc.*,
    688 F.3d 89 (2d Cir. 2012).....................................................................................20

*Lenox v. Healthwise of Ky., Ltd.*,
    149 F.3d 453 (6th Cir. 1998) .................................................................................12

*Lopez v. Build-A-Bear Workshop, Inc.*,
    No. 1:19-cv-09907-LGS, 2020 WL 3318247 (S.D.N.Y. June 18, 2020) ................2

*Lopez v. Darden Restaurants, Inc. d/b/a Longhorn Steakhouse*,
    No. 1:19-cv-09888-LGS, 2020 WL 3318278 (S.D.N.Y. June 18, 2020) ................2

*Lopez v. Williams-Sonoma Stores, Inc.*,
    No. 1:19-cv-11770-LGS, 2020 WL 3318283 (S.D.N.Y. June 18, 2020) ................1

*Lowell v. Lyft, Inc.*,
    352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018).............................................................21

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)...............................................................................................7, 21

*Magee v. Coca-Cola Refreshments USA, Inc.*,
    833 F.3d 530 (5th Cir. 2016) ...................................................................................10

*Mary Jo C. v. N.Y. State & Local Ret. Sys.*,
    707 F.3d 144 (2d Cir. 2013)....................................................................................19

*McCullum v. Orlando Reg'l Healthcare Sys., Inc.*,
    768 F.3d 1135 (11th Cir. 2014) ..............................................................................16

*McNeil v. Time Ins. Co.*,
    205 F.3d 179 (5th Cir. 2000) ..................................................................................12

*Mendez v. AnnTaylor, Inc.*,
    No. 1:19-cv-10625, 2020 WL 1974211 (S.D.N.Y. Apr. 24, 2020) ....................1, 23

*Mendez v. Apple Inc.*,
    No. 18-cv-7550, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019)............................23

*Mendez v. BG Retail, LLC d/b/a/ Famous Footwear*,
    No. 1:19-cv-11166-LGS, 2020 WL 3318293 (S.D.N.Y. June 18, 2020) ................2

*Murphy v. Kohl's Dep't Stores*,
    No. 1:19-cv-09921, 2020 WL 1974261 (S.D.N.Y. Apr. 24, 2020) ....................1, 23

*Murphy v. Little Caesar Enterprises, Inc.*,
    No. 1:19-cv-10329-LGS, 2020 WL 3318279 (S.D.N.Y. June 18, 2020) ................2

*Norkunas v. Wynn Resorts Holdings, LLC*,
    No. 11-1499, 2007 WL 2949569 (D. Nev. Oct. 10, 2007) ....................................25

*Phillips v. P.F. Chang's China Bistro, Inc.*,
    No. 15-0344, 2015 WL 4694049 (N.D. Cal. Aug. 6, 2015) ...................................12

*Range v. 535 Broadway Grp. LLC*,
    No. 17-0423, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ...................................20

*Rizzi v. Hilton Domestic Operating Co.*,
    No. 18-1127, 2019 WL 5874327 (E.D.N.Y. July 18, 2019)...................................24

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007).....................................................................................6

*Sosa v. Zara USA, Inc.*,
    No. 1:19-cv-10958-LGS, 2020 WL 3318210 (S.D.N.Y. June 18, 2020) ................2

*Stern v. Sony Corp.*,
    No. 09-7710, 2010 WL 8022226 (C.D. Cal. Feb. 8, 2010) ...................................12

*Thorne v. Jersey Mike's Franchise Sys., Inc.*,
   No. 1:19-CV-9934-GHW, 2020 WL 1989411 (S.D.N.Y. Apr. 27, 2020) ........................1, 23

*West v. Moe's Franchisor, LLC*,
   No. 15-2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015) ..............................................16, 17

*Weyer v. Twentieth Century Fox Film Corp.*,
   198 F.3d 1104 (9th Cir. 2000) ...........................................................................................12, 13

**Statutes**

29 U.S.C. § 794(a) ...................................................................................................................19

31 U.S.C. § 5114 ......................................................................................................................19

42 U.S.C. § 12181(7) ..........................................................................................................8, 9, 10

42 U.S.C. § 12181(7)(A)–(L) .................................................................................................8, 10

42 U.S.C. § 12181(7)(E) ...............................................................................................................8

42 U.S.C. § 12182(a) .........................................................................................................7, 8, 11

42 U.S.C. § 12182(b)(1)(A)(iii) .................................................................................................15

42 U.S.C. § 12182(b)(2)(A)(ii)–(iii) .....................................................................................12, 14

Americans with Disabiltiies Act ....................................................................................... *passim*

N.Y. Gen. Bus. Law § 396-i ................................................................................................14, 20

New York City Human Rights Law....................................................................................1, 20, 21

New York State Human Rights Law ....................................................................................1, 20, 21

Rehabilitation Act ......................................................................................................................19

**Rules**

28 C.F.R. § 36.303(c)(1) .............................................................................................................15

28 C.F.R. § 36.303(c)(1)(ii) ........................................................................................................15

28 C.F.R. § 36.307(a)..............................................................................................................3, 11

28 C.F.R. pt. 36, App'x C ..............................................................................................11, 14, 15, 16

Fed. R. Civ. P. 12(b)(1)................................................................................................................6

Fed. R. Civ. P. 12(b)(6)...................................................................................................6, 7

Fed. R. Civ. P. 56............................................................................................................7

## Other Authorities

Blame Farmer, *As Braille Literacy Declines, Reading Competitions Held To
    Boost Interest*, NPR (Mar. 13, 2017),
    http://www.npr.org/2017/03/13/519983877/as-braille-literacy-declines-
    reading-competitions-held-to-boost-interest................................................................5

Braille Literacy Crisis in America, NFB (Mar. 26, 2009),
    http://www.nfb.org/images/nfb/documents/pdf/braille_literacy
    _report_web.pdf;.............................................................................................................5

*Guide For Places Of Lodging: Serving Guests Who Are Blind Or Who Have Low
    Vision* http://www.ada.gov/reachingout/lodblind(lesson2).html ...............................5

## INTRODUCTION

In the Amended Complaint, Plaintiff erroneously claims that Title III of the Americans with Disabilities Act ("ADA" or "Title III"), and by extension, the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), require retailers such as Defendant to alter their store inventories to include Braille gift cards that are accessible to individuals who, like Plaintiff, are blind and read Braille and presumably others who buy or receive the cards as gifts.[1]   As Judge Woods recently held in a case brought by another plaintiff (represented by the same counsel who represents Plaintiff here) against the clothing retailer Banana Republic, "[t]here is simply no legal support for Plaintiff's assertion that Title III requires [retailers] to create Braille gift cards for the visually impaired."  *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496, *1 (S.D.N.Y. Apr. 23, 2020).[2]

---

[1]      In the original complaint, Plaintiff explicitly demanded that Defendant "design, implement, distribute[,] and sell" gift cards "embossed with Braille" (ECF No. 1 ¶ 36). In the Amended Complaint, however, Plaintiff attempts to describe the demand as one for merely "accessible" gift cards "that *may include* Braille writing." Am. Compl. ¶ 56 (emphasis added). Nevertheless, the Amended Complaint is replete with language showing that Plaintiff's demand remains unchanged—the design, implementation, distribution, and sale of *gift cards embossed with Braille*. *See, e.g., id.* ¶ 16 ("Defendant does not sell store gift cards containing Braille, which is a barrier encountered by Plaintiff."); *id.* ¶ 38 ("The addition of Braille would restore . . . dignity to blind persons").

[2]      Based on his holding in *Banana Republic*, Judge Woods went on to dismiss several other cases–**brought by the same counsel that represents Plaintiff in this action**–which he found were "virtually identical" and based on the exact same "meritless" arguments.  *See Calcano v. Swarovski Ltd.*, No. 1:19-cv-10536, 2020 WL 1974143 (S.D.N.Y. Apr. 24, 2020); *Dominguez v. CKE Rests. Holdings*, No. 1:19-cv-10816, 2020 WL 1974148 (S.D.N.Y. Apr. 24, 2020); *Mendez v. AnnTaylor, Inc.*, No. 1:19-cv-10625, 2020 WL 1974211 (S.D.N.Y. Apr. 24, 2020); *Murphy v. Kohl's Dep't Stores*, No. 1:19-cv-09921, 2020 WL 1974261 (S.D.N.Y. Apr. 24, 2020); *Calcano v. Art of Shaving, LLC*, No. 1:19-cv-10432, 2020 WL 1989413 (S.D.N.Y. Apr. 27, 2020); and *Thorne v. Jersey Mike's Franchise Sys., Inc.*, No. 1:19-CV-9934-GHW, 2020 WL 1989411 (S.D.N.Y. Apr. 27, 2020).  Just last week, Judge Schofield dismissed several more Braille gift card case for largely the same reasons as those Judge Woods' set forth in *Banana Republic.  See Dominguez v. Taco Bell Corp.*, No. 19-cv-10172-LGS, 2020 WL 3263258 (S.D.N.Y. June 17, 2020); *Calcano v. Vineyard Vines, LLC*, No. 1:19-cv-11228-LGS, 2020 WL 3318100 (S.D.N.Y. June 18, 2020); *Lopez v. Williams-Sonoma Stores, Inc.*, No. 1:19-cv-11770-LGS, 2020 WL 3318283 (S.D.N.Y.

While Plaintiff asserts several theories of liability in the Amended Complaint, resolution of this case on the merits turns on a central issue: whether a 3 x 2 inch gift card is a "place of public accommodation" (*see, e.g.*, Am. Compl. ¶¶ 39–45, 64(a)) and thus subject to laws pertaining to everything from bathrooms, parking, signage, and aisles, thereby requiring the gift card to provide necessary "auxiliary aids," *or* whether a gift card is a product or good in inventory, which applicable regulations, Department of Justice ("DOJ") guidance, and overwhelming judicial authority hold is not required to be accessible.  For the reasons discussed further in this brief, if the Court finds that a gift card is not a "place of public accommodation" which Defendant submits is the only reasonable conclusion, Defendant has no obligation to provide "auxiliary aids" to the gift card and Plaintiff's claims fail as a matter of law.  Alternatively, if the Court finds that gift cards are goods, this case must be dismissed with prejudice.[3]

---

June 18, 2020); *Lopez v. Darden Restaurants, Inc. d/b/a Longhorn Steakhouse*, No. 1:19-cv-09888-LGS, 2020 WL 3318278 (S.D.N.Y. June 18, 2020); *Calcano v. Alamo Drafthouse Cinemas, LLC*, No. 1:19-cv-11386-LGS, 2020 WL 3318102 (S.D.N.Y. June 18, 2020); *Murphy v. Little Caesar Enterprises, Inc.*, No. 1:19-cv-10329-LGS, 2020 WL 3318279 (S.D.N.Y. June 18, 2020); *Sosa v. Zara USA, Inc.*, No. 1:19-cv-10958-LGS, 2020 WL 3318210 (S.D.N.Y. June 18, 2020); *Lopez v. Build-A-Bear Workshop, Inc.*, No. 1:19-cv-09907-LGS, 2020 WL 3318247 (S.D.N.Y. June 18, 2020); *Mendez v. BG Retail, LLC d/b/a/ Famous Footwear*, No. 1:19-cv-11166-LGS, 2020 WL 3318293 (S.D.N.Y. June 18, 2020).  Judge Vyskocil has also dismissed a Braille gift card case for lack of standing this week.  *See Dominguez v. Grand Lux Café LLC*, No. 1:19-cv-10345-MKV, 2020 WL 3440788 (S.D.N.Y. June 22, 2020).  As discussed further herein, Plaintiff's claims should be dismissed for the same reason.

[3]    Although this single, case dispositive question of law could have been determined in a simple two-party case, Plaintiff and a handful of other individuals represented by the same counsel or affiliates, has filed more than 200 other cases in the Eastern and Southern Districts of New York against other retailers, restaurants, and theaters, asserting the same claims and seeking the same injunctive relief, statutory penalties, and attorneys' fees from each defendant.  The vast majority of these cases were filed to coincide with the busiest time of year for U.S. retailers, when virtually all of the defendants logically would already be heavily stocked with inventory to sell throughout the season.  Several of these actions had response dates on "Black Friday."  A list of the cases filed by Plaintiff, based on information available on PACER, is attached as Appendix A, and a list of those filed by Plaintiff's counsel since October 24, 2019 is attached as Appendix B.

As a matter of well-settled law, the ADA "**does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities**." 28 C.F.R. § 36.307(a) (emphasis added). The classic illustration of this rule, articulated by the DOJ and adopted by every court of appeals to have considered the issue, involves a bookstore: a bookstore must ensure that individuals with disabilities can access the store and the goods it sells, but the bookstore has no obligation to offer any books in Braille. The analysis is no different if the product is a tablet, a ticket, a toaster, or a plastic gift card sold in the checkout aisle. Put simply, the ADA does not impose an obligation on Defendant to manufacture, procure, and/or stock specialized goods for individuals with disabilities. For this reason alone, this case should be dismissed with prejudice.

Because there is no obligation to provide Braille on products or goods sold, or to provide any specialty product, Plaintiff advances the nonsensical argument that the gift cards themselves are a "place of public accommodation," subject to the same Title III obligations as brick-and-mortar stores, including complying with all of the construction standards and effectively communicating with patrons. This argument is facially absurd. The phrase "place of public accommodation" is not an all-encompassing term. Congress identified only twelve categories of private entities that qualify, including service establishments, transportation stations, and places of public gathering. A 3 x 2 inch plastic card does not fit any of those categories, and to conclude otherwise would extend the ADA's reach further than Congress ever intended. Nevertheless, Plaintiff must make this ridiculous claim in order to have any foundation for his next far-fetched argument, *i.e.*, that because the gift card is a "place of public accommodation," Defendant must provide auxiliary aids that allow for effective communication between the card and the card's customer.

Plaintiff's final theory—that by not offering Braille gift cards, Defendant somehow refused Plaintiff a necessary auxiliary aid or service—is similarly without merit.  Even if a gift card could be a "place of public accommodation," it is well-settled that the businesses that operate such places have broad discretion to choose the type of auxiliary aid or service to offer, so long as the choice ensures effective communication with individuals with disabilities.  Covered entities need not provide an individual's preferred or demanded auxiliary aid or service when another alternative will do.  Plaintiff does not allege any facts to plausibly suggest that he can only effectively communicate with Defendant via Braille gift cards.  In fact, Plaintiff alleges that he was able to call Defendant and obtain information about the store's gift cards over the phone—conceding that Defendant has satisfied any obligation to ensure effective communication with Plaintiff.

Plaintiff's claims also fail for the separate reason that Plaintiff lacks standing.  To have standing to sue for injunctive relief under the ADA, a plaintiff must plausibly allege an injury-in-fact *and* an imminent future injury.  In this context, that requires Plaintiff to plausibly allege that he imminently intends to return to Defendant's store *and* that he will be denied benefits there.  Plaintiff does not plausibly allege that he intends to return to Defendant's store.  Instead, Plaintiff alleges—in conclusory fashion—that he will return to Defendant's store when Braille-embossed gift cards are available.  The single interaction alleged in the Amended Complaint—a telephone call during which Plaintiff inquired about and received information regarding Defendant's gift card inventory—is insufficient to demonstrate standing even at the pleading stage.

For these reasons and others, explained below, the Court should dismiss Plaintiff's Amended Complaint in its entirety. Putting aside the tremendous cost implications, any other result in this case would fundamentally change settled ADA law as it has been shaped by the courts, interpreted by the DOJ, and put into practice by retailers for decades.

4

# BACKGROUND

Plaintiff is a serial ADA litigant, having filed 96 cases in the Southern District of New York in just the past three years. While Plaintiff's prior litigation generally concerned claims of website accessibility, since October 24, 2019, Plaintiff has filed 13 lawsuits alleging that Title III of the ADA and related state laws requires retailers to sell gift cards embossed with Braille,[4] including this case. *See* App'x A. Plaintiff's counsel and its affiliates have filed over 100 similar cases with other plaintiffs. *See* App'x B.

In the Amended Complaint, Plaintiff alleges that on October 21, 2019, he called Defendant to inquire whether "Defendant sold store gift cards containing Braille," and was told that Defendant does not. Am. Compl. ¶ 16. Plaintiff does not allege any other details about the conversation, whom he spoke with, or his or her position within the company. *Id*. Plaintiff does not allege that he visited any of Defendant's stores to purchase a gift card; nor does he allege that he requested any assistance in purchasing a gift card. Instead, based solely on a single phone call, Plaintiff claims he is entitled to an order requiring Defendant to "design, implement, distribute and sell" Braille gift cards, "compensatory damages," and attorneys' fees. *Id.* ¶¶ 56, 89-90, 102-103.

---

[4]    Braille is a tactile writing system used by a very small population of people who have visual impairments. In 2009, according to the National Foundation for the Blind, "fewer than 10 percent of the 1.3 million people who are legally blind in the United States are Braille readers" and "a mere 10 percent of blind children are learning it." The Braille Literacy Crisis in America, NFB (Mar. 26, 2009), http://www.nfb.org/images/nfb/documents/pdf/braille_literacy_report_web.pdf; *see* Blake Farmer, *As Braille Literacy Declines, Reading Competitions Held To Boost Interest*, NPR (Mar. 13, 2017), http://www.npr.org/2017/03/13/519983877/as-braille-literacy-declines-reading-competitions-held-to-boost-interest (reporting on the same 10 percent literacy in school aged children). The DOJ estimates that the percentage of the blind and visually impaired population that can read Braille is closer to five (5) percent. *See Guide For Places Of Lodging: Serving Guests Who Are Blind Or Who Have Low Vision* http://www.ada.gov/reachingout/lodblind(lesson2).html.

It is not entirely clear what information on the gift card Plaintiff contends the ADA requires be in Braille. Throughout the Amended Complaint, Plaintiff variously alleges that any or all the following must be in Braille, apparently without consideration of the physical limitations of a 3 x 2 inch plastic card):

- the name of the merchant, *id.* ¶ 56;

- the denomination of the gift card, *id.*;

- the expiration date, *id.* ¶¶ 35-36, 56;

- the unique card number or PIN, *id.* ¶¶ 6, 7, 47;

- the applicable fees, *id.* ¶¶ 35-36;

- the terms and conditions of use, *id.* ¶¶ 6, 7, 20, 35-36, 47, 56;

- a toll-free telephone number, *id.* ¶¶ 35-36, 56;

- a unique identifier that distinguishes the card from other cards, *id.* ¶¶ 7, 20, 47; and

- somehow, the remaining balance, *id*. ¶¶ 20, 47, 56.

## ARGUMENT

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accepting all factual allegations as true and discarding any implausible or conclusory assertions, the complaint must "raise a right to relief above the speculative level." *Id*. at 555. A Rule 12(b)(6) motion must be granted unless the plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." *Donahue v. Asia TV U.S.A., Ltd.*, 208 F. Supp. 3d 505, 512 (S.D.N.Y. 2016) (quotation and citation omitted).[5] And a Rule

---

[5]    For purposes of evaluating a motion to dismiss under Rule 12(b)(6), the Court may consider the store gift cards offered by Defendant because they are incorporated by reference into the Amended Complaint. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."); *see also Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)

12(b)(1) motion based on a lack of standing must be granted unless the plaintiff alleges sufficient facts to plausibly satisfy Article III's standing requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

## I.    THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *see Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Plaintiff appears to assert that Defendant's alleged failure to offer Braille gift cards constitutes disability-based discrimination in four ways. First, Plaintiff appears to argue that the gift cards themselves are "places of public accommodation" that must be equally accessible to individuals who read in Braille. *See, e.g.*, Am. Compl. ¶¶ 39–45, 64(a). Second, Plaintiff seems to allege that, even if Braille gift cards are not themselves "places of public accommodation," they are a good *of* such a place (*i.e.*, a retail store) and, therefore, must be equally accessible to individuals who read in Braille. *Id.* ¶¶ 47–50, 56-60, 61-63. Third, Plaintiff alleges that a failure to offer Braille gift cards is a failure to offer a necessary auxiliary aid or service. *Id.* ¶¶ 51–55. And fourth, Plaintiff alleges that U.S. Currency must be accessible and, therefore, so must gift cards. *Id.* ¶ 34. As a matter of settled law, each of Plaintiff's theories fails to state a claim.

### A.    A Gift Card Is Not A "Place of Public Accommodation."

Title III prohibits disability-based discrimination "by any person who owns, leases (or leases to), or operates a *place of public accommodation*" in connection with the goods and services

---

("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."). Indeed, Plaintiff purports to have attached a copy of Defendant's store gift card to the Amended Complaint as Exhibit A.

"*of [that] place of public accommodation*." 42 U.S.C. § 12182(a) (emphases added).  The statute, therefore, distinguishes between the "place of public accommodation" and the "goods" it offers to the general public.  If anything, a gift card is a "good" that may be offered by a "place of public accommodation," but, as a matter of law, a gift card cannot be the "place of public accommodation" itself.

Congress specifically defined "public accommodation" for purposes of Title III by exhaustively listing twelve categories of places that qualify.  42 U.S.C. § 12181(7); *see* DOJ ADA Title III Technical Assistance Manual ("[T]he 12 categories are an exhaustive list.").[6]  Each category has its own subparagraph, and each is formulated the same way: a general residual clause concludes a disjunctive list of specific examples.  *See id.*  Take, for example, the fifth category, which includes "a bakery, grocery store, clothing store, hardware store, shopping center [specific examples], or other sales or rental establishment [general residual clause]."  42 U.S.C. § 12181(7)(E).  The other categories, denoted by their general residual clauses, include "place[s] of lodging," "establishment[s] serving food or drink," "place[s] of exhibition or entertainment," "place[s] of public gathering," "service establishment[s]," "station[s] used for specified public transportation," "place[s] of public display or collection," "place[s] of recreation," "place[s] of education," "social service center establishment[s]," and "place[s] of exercise or recreation." 42 U.S.C. § 12181(7)(A)–(L).  By the statute's plain terms, each category refers to *places* that offer goods and services, not to the goods or services themselves.  Indeed, the word "establishment" connotes a substantial, standalone place of business.  *See A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 496 (1945) (interpreting "establishment" as "a distinct physical place of business").

---

[6]    http://www.ada.gov/taman3.html.

Two interpretive canons confirm that gift cards do not fit any of the twelve categories of "public accommodation" under Title III.  The first is *ejusdem generis*, which instructs that statutory catchall clauses be interpreted in context: "when a statute sets out a series of specific items ending with a general term, that general term is confined to covered subjects comparable to the specifics it follows."  *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008). The second is *noscitur a sociis*, which teaches that items within a statutory list should be interpreted alike, whether or not there is a catchall clause.  *See Beecham v. United States*, 511 U.S. 368, 371 (1994).  So when a word in a statutory list is susceptible to multiple meanings, it takes the meaning most similar to that of the neighboring words "in order to avoid giving unintended breadth to the Acts of Congress."  *Cal. Indep. Sys. Operator Corp. v. FERC*, 372 F.3d 395, 400 (D.C. Cir. 2004).

Both canons apply to each subparagraph in Section 12181(7)'s definition of "public accommodation," and the *noscitur* canon applies to Section 12181(7) as a whole (twelve subparagraphs make one statutory list).  Applying those canons shows that *no* goods, much less gift cards the size of a standard credit card (3 x 2 inches), qualify as "public accommodations." The twelve categories and every listed example share common attributes: they all sell goods and services to the public; they all have discrete standalone locations or identities; and they all are typically operated by a proprietor or employees.  *See* 42 U.S.C. § 12181(7).  Gift cards, like other goods, share none of those attributes.  Thus, by *ejusdem generis* and *noscitur a sociis*, gift cards are not "public accommodations" under Title III of the ADA.

Addressing the same argument in *Banana Republic*, Judge Woods held "[g]ift cards are not public accommodations because they fit into none of [the categories enumerated in 42 U.S.C § 12181(7)]."  *Banana Republic*, 2020 WL 1950496, at *7.  Judge Woods further held that "[e]ven if gift cards could be shoehorned into any one of these twelve categories, plastic cards are *not*

places." *Id.* (emphasis in original); *Taco Bell*, 2020 WL 3263258, *4 ("***Nothing on the list [enumerated in 42 U.S.C. § 12181(7)(A)-(L)] even remotely resembles a gift card.***" (emphasis added)). In reaching this conclusion, Judge Woods recognized that although Congress intended that the ADA be interpreted broadly, "reading the words 'place of public accommodation' to include small slabs of plastic requires more than just a broad construction of Title III—it requires a rewrite of Title III entirely." *Id.* at *9.

The Fifth Circuit's decision in *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530 (5th Cir. 2016), is also instructive. In that case, the plaintiff sued Coca-Cola because glass-front Coca-Cola vending machines, which the plaintiff encountered in a bus station and hospital, allegedly were not accessible to individuals who are blind. *Id.* at 531, 536. The court rejected the plaintiff's argument that vending machines are "places of public accommodation" precisely because "a vending machine is not akin to any of the listed examples" in Section 12181(7). *Id.* at 534. "[R]ather than falling within any of those broad categories of entities, vending machines are essentially always found *inside those entities along with the other goods and services that they provide.*" *Id.* (emphasis added). While the hospital and bus station where the plaintiff encountered the vending machines "are indisputably places of public accommodation," vending machines simply "are not places of public accommodation" themselves because they do not fit any category in Congress's "exhaustive list" of covered places. *Id.* at 536. So, too, for gift cards. *See Taco Bell*, 2020 WL 3263258, *5 ("Unlike commercial websites, Defendant's gift cards are not places where Taco Bell provides its goods to customers. Rather, the gift cards provide one way for customers to purchase Taco Bell goods.").

Indeed, the very language Plaintiff uses to describe the gift cards confirms their status as goods. *See, e.g.*, Am. Compl. ¶¶ 16 (alleging Plaintiff called Defendant to ask if it "sold" gift cards

with Braille writing and was told Defendant does not "sell" them) and 56 (seeking a permanent injunction that Defendant "design, implement, distribute and *sell* store gift cards") (emphasis added). Defendant does not *sell* "places of public accommodation." If gift cards are "places of public accommodation" with effective communication obligations, the cards would bear those same obligations even when they are displayed and sold with 100 other cards in a grocery store, convenience store, or big box retailer. Plaintiff could make the same allegations about a box of cereal, and the Court would have to consider whether the box failed to communicate effectively with individuals with vision impairments. Each card and cereal box would have to ensure effective communication for every grocery store customer who has a vision impairment. The only logical conclusion is that the gift cards, like cereal, are goods, and as explained further below, Defendant has no obligation to stock specialized goods.

### B. The ADA Does Not Require Covered Entities To Offer Braille Gift Cards.

It is well-settled that Title III of the ADA regulates *access to* the goods a place of public accommodation offers to the general public but not the *content or mix of* goods that covered entities sell. The applicable regulations are unequivocal: Title III "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." 28 C.F.R. § 36.307(a). As the DOJ has succinctly put it: "[t]he purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided." 28 C.F.R. pt. 36, App'x C.

Courts that have considered the question have uniformly concluded that the DOJ's regulations and guidance comport with the plain language of Title III, which prohibits discrimination in the enjoyment of "the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). "The ordinary

11

meaning of this language is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods [or] services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000); *see Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) ("The common sense of the statute is that the content of the goods or services offered by a place of public accommodation is not regulated. . . . Had Congress purposed to impose so enormous a burden on the retail sector of the economy and so vast a supervisory responsibility on the federal courts, we think it would have made its intention clearer and would at least have imposed some standards.").[7]

In short, Title III "does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided." *Weyer*, 198 F.3d at 1115. That means, for example, that "a camera store may not refuse to sell cameras to a disabled person, but it is not required to stock cameras specially designed for such persons," and that "a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print." *Funches v. Barra*, No. 14-7382, 2016 WL 2939165, at *4 (S.D.N.Y. May 17, 2016). Yet, this is precisely what Plaintiff demands here: that Defendant "design, implement, distribute, and sell" a specialized product—a Braille-embossed gift card. Am. Compl. ¶ 56.[8] Put simply, as in *Banana Republic*, Plaintiff's claim here is "premised on the

---

[7]    *Accord Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 671 (9th Cir. 2010); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998); *Lenox v. Healthwise of Ky., Ltd.*, 149 F.3d 453, 457 (6th Cir. 1998); *Jancik v. Redbox Automated Retail, LLC*, No. 13-1387, 2014 WL 1920751, at *4 (C.D. Cal. May 14, 2014); *Castelan v. Universal Studios Inc.*, No. 12-5481, 2014 WL 210754, at *6–7 (C.D. Cal. Jan. 10, 2014); *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 15-0344, 2015 WL 4694049, at *5–6 (N.D. Cal. Aug. 6, 2015); *Stern v. Sony Corp.*, No. 09-7710, 2010 WL 8022226, at *3–4 (C.D. Cal. Feb. 8, 2010).

[8]    More than that, the changes Plaintiff seeks are fundamental alterations of Defendant's gift cards, which the ADA explicitly states is not required. *See* 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii).

meritless argument that Title III . . . requires retailers to create specialty goods for the visually impaired." *Banana Republic*, 2020 WL 1950496, at *1.  Judge Schofield came to the same conclusion in *Taco Bell*: "The text [of the ADA] does not require the entity to modify the goods or services it provides."  *Taco Bell*, 2020 WL 3263258, at *4.

Plaintiff here characterizes gift cards as a "service" and not a "good."  As Judge Schofield observed in *Taco Bell*, the plaintiff's amended complaint "states that Defendant develops, markets and sells gift cards; that Plaintiff intends to purchase a gift card from [Defendant]; and that there is a profitable 'store gift card market.'  One might say the same about any other kind of goods offered for sale."  *Id.*  The same is true of Plaintiff's Amended Complaint here.  (*See* FAC at ¶¶ 15, 21, 31-38, p. 24.)  Moreover, as Judge Schofield also recognized, the distinction between goods and services does not matter; covered entities need not offer different, special, or reconfigured services, just as they need not offer different, special, or reconfigured goods.  *See Taco Bell,* 2020 WL 3263258, at *4 ("[T]he ADA does not require places of public accommodation to modify the services they offer; the ADA requires only modifications to make  the services accessible."); *see also Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559–60 (7th Cir. 1999); *Weyer*, 198 F.3d at 1115.

As discussed, gift cards are not "places of public accommodation."  Thus, at most, they are "goods" that a place of public accommodation offers to the general public.  Defendant offers gift cards, but not gift cards with Braille writing, to the general public.[9]  Am. Compl. ¶ 4.  As a matter

---

[9]  According to Plaintiff, only one major retailer, Starbucks, sells gift cards with Braille.  *See* Am. Compl. ¶ 35, n.7.  Plaintiff and Plaintiff's counsel have sued effectively every other major retailor in the country for not doing the same—suggesting that Starbucks is the only major retailer complying with the ADA.

of law, then, just as the ADA does not require a bookstore to sell Braille books, the ADA does not require Defendant to sell Braille gift cards.[10]

Moreover, as Plaintiff acknowledges in the Amended Complaint, Defendant is not required to fundamentally alter its goods or services. *See, e.g.*, 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii); *Banana Republic*, 2020 WL 1950496, at *7 ("[T]he plain text of the ADA and the Department of Justice's implementing regulations make clear . . . [that] a retailer need not alter the mix of goods that it sells to include accessible goods for the disabled."). But that is precisely what Plaintiff demands— a **fundamental alteration** to gift cards as they exist, or rather, the "design, implement[ation], distribut[ion], and s[ale]" of an entirely new product. Am. Compl. ¶ 56. Nothing in the ADA requires such a **fundamental alteration**.[11]  *See Banana Republic,* 2020 WL 1950496, at *7 ("Just as a bookstore need not create Brailled versions of books that it ordinarily sells to comply with Title III, the Code of Federal Regulations does not require Banana Republic to design, implement, distribute and sell store gift cards integrated with the Defendant's retail stores that are accessible to blind and vision-impaired individuals.").

---

[10]    Congress and the DOJ are familiar with Braille and know how to require Braille when they wish to do so—something they did not do with goods (*i.e.*, gift cards) under the ADA. *See, e.g.*, 28 C.F.R. pt. 36, App'x B (noting that Section 707 of the 2010 Standards explicitly requires Braille instructions on ATMs and fare machines). Clearly, in drafting the ADA and the relevant subsequent regulations, Congress and the DOJ could have——but have not—required covered entities to emboss gift cards with Braille.

[11]    Moreover, many states heavily regulate gift cards and mandate that the cards themselves contain certain information. For example, as Plaintiff alleges, the State of New York requires gift cards to conspicuously state terms and conditions. Am. Compl. ¶ 35; *see* N.Y. Gen. Bus. Law § 396-i. If the ADA requires Braille gift cards, and the State of New York—or any state—requires potentially voluminous information on gift cards, it would become untenable for retailers to provide gift cards because all the required information would become impossible to fit in Braille on a 3 x 2 inch piece of plastic. Moreover, to the extent Plaintiff attempts to use the federal and state laws requiring the clear and conspicuous posting of terms and conditions in furtherance of his demand for Braille-embossed gift cards, Plaintiff's argument fails because this suit was brought under the ADA, not any state statute that requires terms and conditions to be conspicuously posted.

14

### C.    Not Offering Braille Gift Cards Is Not A Failure To Offer Necessary Auxiliary Aids Or Services Under The ADA.

Title III requires covered entities to provide "auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c)(1); *see* 42 U.S.C. § 12182(b)(1)(A)(iii).  There is no one-size-fits-all auxiliary aid or service.  Rather, "[t]he type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place."  28 C.F.R. § 36.303(c)(1)(ii).

Nor must a covered entity provide the specific auxiliary aid demanded by a particular individual.  The auxiliary aid requirement is "flexible," 28 C.F.R. pt. 36, App'x C, and the DOJ's implementing regulations "emphasiz[e] that the ADA empowers retailers, not customers, to choose what auxiliary aid to offer."  *Banana Republic*, 2020 WL 1950496; *see e.g.,* 28 C.F.R. § 36.303(c)(1)(ii) ("[T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication."); *Taco Bell*, 2020 WL 3263258, *5 ("'[T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication.'" (quoting 28 C.F.R. § 36.303(c)(1)(ii))).  A covered entity complies with its auxiliary aid obligations so long as "the result is effective communication."  28 C.F.R. pt. 36, App'x C.  By way of example, the regulations specifically state that "a clothing boutique would not be required to have Brailled price tags if sales personnel provide price information orally upon request,"[12] and "a restaurant would not be required to provide menus in Braille for patrons who are blind, if the

---

[12]    The price tag is precisely one of the pieces of information Plaintiff demands be embossed in Braille (the gift card's denomination).

waiters in the restaurant are made available to read the menu." *Id.* Other DOJ guidance also makes clear that Braille is not the exclusive means of effective communication with individuals who are blind or have vision impairments. *See, e.g.*, DOJ, *Guide For Places Of Lodging: Serving Guests Who Are Blind Or Who Have Low Vision*,[13] (providing, as an example of effective communication with individuals who have vision impairments, offering assistance with locating items, reading price tags, and verbally identifying individual bills when handing the currency to a disabled person).

Indeed, to construe the ADA to require covered entities to provide any auxiliary aid preferred or requested by an individual "would effectively substitute 'demanded' auxiliary aid for 'necessary' auxiliary aid" in the statute and implementing regulations. *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014) (citation omitted). It is therefore well-settled that the ADA imposes no liability merely because a covered entity does not offer or refuses to offer the specific auxiliary aid the plaintiff demands. *See Camarillo*, 518 F.3d at 157; *Durand v. Fairview Health Servs.*, 902 F.3d 836, 842 (8th Cir. 2018); *Banana Republic*, 2020 WL 1950496, at *11; *West v. Moe's Franchisor, LLC*, No. 15-2846, 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015); *Dicarlo v. Walgreens Boot All., Inc.*, No. 15-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016); *Juech v. Children's Hosp. & Health Sys., Inc.*, 353 F. Supp. 3d 772, 777 (E.D. Wis. 2018).

In addition to *Banana Republic* and its progeny, two other decisions from the Southern District of New York, *Moe's Franchisor* and *Walgreens Boot*, are illustrative. In both cases, the plaintiffs claimed that the defendants had violated the ADA by failing to install adaptive accessibility technology—such as tactile buttons or screen-reading software—on self-service (or

---

[13]    http://www.ada.gov/reachingout/lodblind(lesson2).html.

"Freestyle") soda machines.  *See Moe's Franchisor*, 2015 WL 8484567, at *1; *Walgreens Boot*,

2016 WL 482982, at *1-2.  In rejecting that claim in *Moe's Franchisor*, Judge Pauley explained

as follows:

> Nothing in the ADA or its implementing regulations supports Plaintiffs' argument
> that Moe's must alter its Freestyle machines in a way that allows blind individuals
> to retrieve beverages without assistance.  Reasonable businesses, aided by counsel,
> could navigate through all of the ADA's relevant regulations and never reach the
> conclusion that Freestyle machines violate federal law.  And given the labyrinth of
> city, state, and federal regulations, it is not appropriate for this Court to announce
> new ones.  Plaintiffs may be correct that technological additions to the Freestyle
> machines are both feasible and preferable.  However, under the ADA, effective
> assistance from Moe's employees acting as "qualified readers" is sufficient.

*Moe's Franchisor, LLC*, 2015 WL 8484567, at *3.  In *Walgreens Boot*, Judge Oetken agreed that

the ADA does not require the defendant to install technology that would permit the plaintiff to use

the Freestyle machines independently, so long as the defendant effectively communicated with the

plaintiff so that "he can enjoy the Freestyle machine." *Walgreens Boot*, 2016 WL 482982, at *2.

Here, Plaintiff does not allege that Braille writing is necessary for Defendant to effectively

communicate with Plaintiff about Defendant's gift cards.  Plaintiff does not allege that some other

method—such as assistance and explanation from store employees—would not effectively

communicate the same information.  As a matter of common sense, and certainly from the face of

the Amended Complaint, there is no reason to infer that assistance from store employees would

not result in effective communication of the same information Plaintiff would prefer to have in

Braille writing on the gift cards themselves. Store employees are there to assist customers. Gift

cards are not tied to shoppers' bank or credit card accounts and reflect no sensitive information.[14]

---

[14]   Embossing PINs in Braille would immediately render gift cards obsolete.  Anyone
proficient in Braille (which can be anyone with access to the Internet) could simply feel each card
available for purchase, record the PIN, and use the gift cards without purchasing them.

Nor does Plaintiff allege that this or any other alternative method of effective communication (*i.e.*, alternative auxiliary aid) was denied to him.[15]  Plaintiff admits he was able to speak with an employee of Defendant *about gift cards*.  Am. Compl. ¶ 16.  Plaintiff's allegation that the person he spoke with did not volunteer "any alternative auxiliary aids or services," *id.* ¶ 17, does not mean no alternative was available or would have been offered *had Plaintiff asked*.  But Plaintiff does not allege that he asked for an alternative, or even that he needed or wanted a way to communicate about and/or use Defendant's gift cards that would permit effective communication and/or use by an individual who is blind.  *See Banana Republic*, 2020 WL 1950496, at *11 ("The recitation of facts in [plaintiff's] complaint make it clear that he never even asked for [an auxiliary aid].")  As Plaintiff alleges, he simply "telephoned [Defendant's] customer service office" to ask whether Defendant sold Braille gift cards.  Am. Compl. ¶ 16.  Once informed that Defendant did not sell Braille gift cards, Plaintiff presumably hung up, and he certainly alleges nothing further about the communication.  Plaintiff fails to state an ADA claim for a lack of necessary auxiliary aids or services.

### D.    Gift Cards Are Goods, Not Currency.

In a last-ditch effort, Plaintiff alleges that a gift card is "a cash like product" and must "be accessible like the U.S. Currency."  Am. Compl. ¶ 34.  This theory crumbles under modest scrutiny.  *See Banana Republic,* 2020 WL 1950496, at *11, n.8 ("[T]he analogy to cash falls apart under even modest scrutiny.")  For one thing, the case Plaintiff cites for the proposition that U.S. currency must be accessible, *Am. Council of the Blind v. Paulson*, 463 F. Supp. 2d 51 (D.D.C.

---

[15]    Plaintiff's allegation that Defendant has not trained its employees on "proper methods of assisting blind and visually-impaired customers with regards to its gift cards and auxiliary aids," Am. Compl. ¶¶ 49(e), 85(e), 98(e), defies common sense. No special training is needed to assist a customer with using a gift card or understanding any information on the card. Not that Plaintiff has standing to challenge the minutia of Defendant's training curriculum: Plaintiff never visited Defendant's store or otherwise requested assistance.

2006), was not an ADA case. That case concerned Section 504 of the Rehabilitation Act, which governs programs or activities funded or subsidized by federal money, like the Department of Treasury's minting of currency. *See* 29 U.S.C. § 794(a). The Rehabilitation Act does not apply to private entities whose operations are not funded by the federal government, and it imposes broader obligations than those that apply to private entities subject to Title III of the ADA. The Rehabilitation Act imposes obligations that are similar to those imposed on state and local governments under *Title II* of the ADA. *See, e.g.*, *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 749–50 (2017). *Title II* imposes very different and often much broader obligations on state and local governments than *Title III* imposes on private business. *See, e.g.*, *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 169 (2d Cir. 2013). All of this is to say that whatever obligations Section 504 of the Rehabilitation Act imposes on the Treasury vis-a-vis U.S. currency are wholly irrelevant to Defendant's obligations vis-a-vis the gift cards it sells.

But even if Title III imposed special obligations relating to currency—something no private entity has authority to engrave or print, *see* 31 U.S.C. § 5114—gift cards are not currency. Plaintiff's insistence that gift cards are really "pre-paid cash cards" that are "treated like cash . . . an alternative method of payment" and are "a cash like product" (Am. Compl. ¶¶ 4, 30, 34), is merely an attempt to muddy the facts before this Court. "The [C]onstitution makes no mention of gift cards. And Plaintiff has not asserted that gift cards maximize a person's employment, economic self-sufficiency, independence, or inclusion and integration into society." *Banana Republic*, 2020 WL 1950496, at *11 n.8. Gift cards are goods. Gift cards are bought and sold; currency is what one buys them with. Gift cards may be redeemed only at select establishments; currency may be used anywhere (even in other countries, either directly or via a currency exchange). Gift cards are subject to terms and conditions and service fees, and may expire;

currency may be used by anyone who possesses it now or twenty years from now.[16]  Any analogy Plaintiff attempts to make between U.S. Currency and Defendant's 3 x 2 inch gift card fails on its face.

## II.    PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD ALSO BE DISMISSED.

A claim of disability discrimination under the NYSHRL is governed by the same legal standards that govern federal ADA claims.  *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006); *see also Feltenstein v. City of New Rochelle*, No. 14-5434, 2019 WL 3543246, at *2 (S.D.N.Y. Aug. 5, 2019) ("Plaintiff's state claims for disability discrimination are treated identically, as well, because they are governed by the same legal standards as ADA claims."). Accordingly, a NYSHRL claim premised on the same factual allegations as an ADA claim rises or falls with the ADA claim.  *See, e.g.*, *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012) (holding that the plaintiff's state-law claim is coextensive with her Title III claim and "thus lacks merit for the reasons discussed . . . with respect to Title III."); *Range v. 535 Broadway Grp. LLC*, No. 17-0423, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) ("Because [plaintiff] fails to state a claim under the ADA, his NYSHRL and NYCHRL claims also fail.").

The NYCHRL "provides somewhat broader rights" than the ADA and NYSHRL, particularly because it includes a broader definition of "disability" than the ADA's definition of the same term.  *Walgreens Boot*, 2016 WL 482982, at *2.  Aside from the NYCHRL's broader definition of "disability," however, courts have not identified other ways in which the NYCHRL prohibits a broader scope of conduct than the federal and state laws.  *See id.*; *Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 643 (S.D.N.Y. 2013).  On the contrary, at

---

[16]    In New York, gift cards may be subject to service fees after the 25th month of dormancy, and expiration dates. *See* N.Y. Gen. Bus. Law § 396-i.

least one court has recognized that "[w]hile it is a NYCHRL violation to *entirely exclude* a person with a disability from accessing a public accommodation," alleged barriers that do not result in "entire[] exclu[sion]" do not violate the NYCHRL.  *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018) (emphasis added).

In this case, Plaintiff bases his NYSHRL and NYCHRL claims on the same deficient allegations that underlie his ADA claim.  Because the ADA claim fails, the NYSHRL and NYCHRL claims necessarily fail as well.  In addition, Plaintiff does not allege that he has been entirely excluded from accessing Defendant's stores.  He alleges only that certain information is not available to him in his preferred format—Braille writing—on one of Defendant's many goods—gift cards.  For this reason, too, the NYCHRL claim is deficient as a matter of law.

## III.   THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO ASSERT HIS CLAIMS.

Article III standing requires that a plaintiff sustain an "injury in fact" that is concrete and particularized and "actual or imminent, not 'conjectural' or 'hypothetical.'"  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted).  The Second Circuit has explained that the standing requirements of ADA Title III standing are: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013).  "The 'intent to return' element is critical."  *Banana Republic, 2020 WL 1950496, at *3.*  When a plaintiff seeks injunctive relief (the only form of relief available to private litigants under Title III of the ADA, 42 U.S.C. § 12188(a)), the plaintiff also must plead "real and immediate threat of future injury."  *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (internal citation omitted); *accord Harty v. Greenwich Hosp. Grp.*, 536 F. App'x 154 (2d Cir. 2013) ("A plaintiff seeking injunctive relief cannot rely on

past injury to satisfy the injury requirement, but must show a likelihood that he or she will be injured in the future.").

"[I]it is well established that, in evaluating whether a plaintiff has established standing to sue, a Court 'need not credit a complaint's conclusory statements without reference to its factual context.'" *Banana Republic*, 2020 WL 1950496, at \*4 (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011)).  Further, "because the elements of constitutional standing are not mere pleading requirements but rather an indispensable part of the plaintiff's case, the plaintiff must support each element of standing in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."  *Castillo v. John Gore Org., Inc.*, No. 19- 0038, 2019 WL 6033088, at \*4 (E.D.N.Y. Nov. 14, 2019) (internal quotations and citations omitted).  Thus, at the pleading stage, the plaintiff must plausibly allege facts that "affirmatively and plausibly" support each element of standing in order to state a claim.  *Feltzin v. Triangle Props. #1, LLC*, No. 14-5131, 2016 WL 11599264, at \*3 (E.D.N.Y. Dec. 15, 2016).

Plaintiff fails to meet this standard because Plaintiff fails to plausibly allege that he intends to visit Defendant's store if store gift cards with Braille are offered.  To do so, Plaintiff must allege enough facts for the Court to find that it is "reasonable" to infer that Plaintiff's expressed intent to return to the Defendant's property is "likely to materialize into fact sometime in the future." *Feltzin v. Clocktower Plaza Properties, Ltd.*, No. 16-4329, 2018 WL 1221153, at \*5 (E.D.N.Y. Mar. 8, 2018).  The following factors are relevant to that analysis: (1) the proximity of the place of public accommodation to the plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's

frequency of travel near defendant. *Castillo*, 2019 WL 6033088, at *4 (quotation and citation omitted).

In *Banana Republic*, the plaintiff lacked standing because there were "not enough facts in Plaintiff's complaint to plausibly suggest that he will be injured by Banana Republic's failure to sell Braille gift cards in future." *Banana Republic*, 2020 WL 150496, at *4. Because there was "virtually no difference" between the *Banana Republic* complaint and the complaints filed by the plaintiffs in *Kohl's, Swarovski, AnnTaylor, CKE Rests. Holdings*, *Art of Shaving, LLC*, and *Jersey Mike's*, Judge Woods also found that those plaintiff lacked standing to pursue their claims. *Kohl's Dep't Stores,* 2020 WL 1974261, at *2; *Swarovski Ltd.*, 2020 WL 1974143, at *2; *AnnTaylor, Inc*., 2020 WL 1974211, at *2; *CKE Rests. Holdings*, 2020 WL 1974148, at *2; *Art of Shaving, LLC*, 2020 WL 1989413, at *2; and *Jersey Mike's Franchise Sys., Inc.*, 2020 WL 1989411 , at *2; *see also Mendez v. Apple Inc.,* No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("[T]hose who live by the photocopier shall die by the photocopier.").

Similarly, the operative complaint in this action is materially indistinguishable from the deficient complaint in *Banana Republic*. *Compare* Appendix C (*Banana Republic* complaint) ¶¶ 15–18, 21, 27 *with* FAC (Dkt. No. 19) ¶¶ 15–18, 21, 27. Plaintiff fails to allege any facts here to plausibly suggest that he intends to visit Defendant's store if gift cards with Braille are offered. Tellingly, Plaintiff does not allege that he has ever visited Defendant's store to purchase a gift card, which raises a strong inference that Plaintiff does not intend to visit the store in the future, even if the alleged barriers are removed. *See Feltzin v. Stone Equities, LLC*, No. 16-6457, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018), *report & recommendation adopted*, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) ("[T]he Court finds that a lack of specificity with regard to past patronage, or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses

23

an intent to return to the Property in the imminent future but for the alleged violations."); *Clocktower Plaza*, 2018 WL 1221153, at *6 (finding plaintiff's complaint did not establish an intent to return where "there is no more than a vague 'some day' intention to return at an unspecified time in the future on an unspecified trip, with no history of ever having been to the Property on another occasion besides [the date giving rise to the claim]."); *cf. Harty*, 536 F. App'x at 155 (finding that a complaint's allegation of a single visit to the defendant's location, the visit which gave rise to the claim, was insufficient to establish an intent to return).

Moreover, Plaintiff's conclusory allegation that he intends to visit the store in the future is legally insufficient to infer an intent to return for purposes of establishing standing. *See Castillo*, 2019 WL 6033088, at *6 ("The plaintiff alleged that she 'intends to take advantage of the facilities offered by Defendant in the future once the access barriers are remedied' ... is not enough to raise a reasonable inference that she intended to visit the defendant's theater in the future.") (alteration marks in original; internal citations to the record omitted); *Chamaidan v. Tomy B. Haircare Inc.*, No. 17- 6948, 2019 WL 4917895, at *5 (E.D.N.Y. Sept. 30, 2019) ("Given the complete absence of any allegations that Plaintiff is interested in obtaining the services that Defendant provides, she has not plausibly alleged that she intends to return to Defendant's store or that she would frequent the store if the alleged violations were remedied."); *Rizzi v. Hilton Domestic Operating Co.*, No. 18-1127, 2019 WL 5874327, at *4 (E.D.N.Y. July 18, 2019), *report & recommendation adopted*, 2019 WL 4744209 (E.D.N.Y. Sept. 30, 2019) (finding plaintiff lacked standing where his complaint did not allege any interest in using defendant's services if purported access barrier was removed); *Hirsch v. Campaniello Soho, Inc.*, No. 14-5097, 2015 WL 678662, at *4 (S.D.N.Y. Feb. 17, 2015) ("[B]eyond a conclusory recitation of Plaintiff's intent to return to Defendants' property, the Complaint is devoid of any allegations that support the inference of such an intention.

24

Indeed, the Complaint is devoid of multiple basic facts, including when Plaintiff first attempted to visit the store or even what the store sells."); *See Dominguez v. Grand Lux Café LLC*, No. 1:19-CV-10345-MKV, 2020 WL 3440788 at *3 (S.D.N.Y. June 22, 2020) (finding plaintiff's statements insufficient for standing purposes because plaintiff "merely assert[ed], in conclusory fashion, that [Plaintiff] 'intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant'" without providing any supporting factual details) ( internal citations omitted).

Just like the plaintiff in *Banana Republic*, Plaintiff here fails to allege any facts which plausibly suggest he intends to visit Defendant's store if gift cards with Braille are offered.  *See Banana Republic*, 2020 WL 1950496, at *4.[17]


Finally, the Court may infer that Plaintiff's filing of 12 nearly identical complaints against other retailers in this District weighs against finding an inference that Plaintiff actually intends to return to Defendant's store.  *See Clocktower Plaza,* 2018 WL 1221153, at *6; *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007) ("[A] plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return.").

---

[17]    In *Taco Bell*, Judge Schofield found that plaintiff had satisfied the pleading requirement and distinguished the plaintiff's allegations concerning standing from those Judge Woods found deficient in *Banana Republic* based on the Court's observations about "the nature of Taco Bell's business and the broader appeal and accessibility of its products as compared with Banana Republic clothing."  *Taco Bell*, 2020 WL 3263258, *3.  There is nothing in Plaintiff's Amended Complaint in this Action that suggests, let alone supports a plausible conclusion, that Express's products have the same "broad[] appeal" and "accessibility" as *Taco Bell*.

## **CONCLUSION**

For the foregoing reasons, this action should be dismissed.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: June 26, 2020

*/s/ Anne Marie Estevez*

Michael F. Fleming
101 Park Avenue
New York, NY 10178
T: (212) 309-6207
F: (212) 309-6001
michael.fleming@morganlewis.com

Anne Marie Estevez*

200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

*Admitted *Pro Hac Vice*

*Counsel for Defendant*

# APPENDIX A – PACER records for Plaintiff (as of June 22, 2020)



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [06/22/2015]; Date Filed (On or Before): [06/22/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Tucker]; First Name: [Henry]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 96 (2 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05007 |
| Case Title | Tucker v. NHL Interactive Cyberenterprises, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 09/28/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05008 |
| Case Title | Tucker v. Americana Tickets NY, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 08/15/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05009 |
| Case Title | Tucker v. The Honey Baked Ham Company, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 06/26/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05011 |
| Case Title | Tucker v. Right At Home, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 08/24/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05012 |
| Case Title | Tucker v. Firstlight Home Care Franchising, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 07/10/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05015 |
| Case Title | Tucker v. Living Assistance Services, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 08/29/2018 |

Case 1:19-cv-09840-ER          Document 24          Filed 06/26/20          Page 37 of 101

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05016 |
| Case Title | Tucker v. Harris Research, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 10/17/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05017 |
| Case Title | Tucker v. Camp Bow Wow Franchising, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 09/28/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05018 |
| Case Title | Tucker v. White Plains Veterinary Hospital PLLC |
| Court | New York Southern District Court |
| Date Filed | 06/05/2018 |
| Date Closed | 08/15/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05047 |
| Case Title | Tucker v. Micro Electronics, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/06/2018 |
| Date Closed | 09/20/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05055 |
| Case Title | Tucker v. Hallmark Licensing, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/06/2018 |
| Date Closed | 08/06/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05059 |
| Case Title | Tucker v. Mars, Incorporated |
| Court | New York Southern District Court |
| Date Filed | 06/06/2018 |
| Date Closed | 07/24/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05061 |
| Case Title | Tucker v. SoulCycle Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/06/2018 |
| Date Closed | 09/07/2018 |

Case 1:19-cv-09840-ER     Document 24     Filed 06/26/20     Page 38 of 101

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05064 |
| Case Title | Tucker v. Equinox Holdings, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/06/2018 |
| Date Closed | 08/01/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 7:2018cv05065 |
| Case Title | Tucker v. Fossil Group, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/06/2018 |
| Date Closed | 11/29/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05124 |
| Case Title | Tucker v. Midtown Comics, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 12/26/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05125 |
| Case Title | Tucker v. N&F Global Corp |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 09/28/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05127 |
| Case Title | Tucker v. Grand Slam New York LLC |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 09/17/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05128 |
| Case Title | Tucker v. Rudy's Music Stop, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 06/24/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05131 |
| Case Title | Tucker v. Pet Supplies Plus, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 08/15/2018 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05132 |
| Case Title | Tucker v. Hilti, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 09/24/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05133 |
| Case Title | Tucker v. Surefoot, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 10/30/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05135 |
| Case Title | Tucker v. Carlo's Bakery Hoboken LLC |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 06/08/2020 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05136 |
| Case Title | Tucker v. Wingstop Restaurants, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/08/2018 |
| Date Closed | 08/13/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05242 |
| Case Title | Tucker v. Harbor Fitness Center, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/11/2018 |
| Date Closed | 09/16/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05275 |
| Case Title | Tucker v. JMEP, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/12/2018 |
| Date Closed | 09/17/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05276 |
| Case Title | Tucker v. Brick Nation LLC |
| Court | New York Southern District Court |
| Date Filed | 06/12/2018 |
| Date Closed | 10/03/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05323 |
| Case Title | Tucker v. Rubin-Lobo LLC |
| Court | New York Southern District Court |
| Date Filed | 06/13/2018 |
| Date Closed | 02/07/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05326 |
| Case Title | Tucker v. Modo Yoga International, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/13/2018 |
| Date Closed | 09/17/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05394 |
| Case Title | Tucker v. CorePower Yoga, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/14/2018 |
| Date Closed | 08/09/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05395 |
| Case Title | Tucker v. Jivamukti Yoga, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/14/2018 |
| Date Closed | 09/11/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05396 |
| Case Title | Tucker v. Yoga Works, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/14/2018 |
| Date Closed | 09/14/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv05686 |
| Case Title | Tucker v. Sterling Jewelers Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/22/2018 |
| Date Closed | 08/21/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10609 |
| Case Title | Tucker v. Payless Shoesource, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 09/09/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10610 |
| Case Title | Tucker v. Floor And Decor Outlets of America, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 03/19/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10611 |
| Case Title | Tucker v. The Change Group New York, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 01/02/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10613 |
| Case Title | Tucker v. Rite Check Cashing Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 02/21/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10614 |
| Case Title | Tucker v. 24 E 39 LLC |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10616 |
| Case Title | Tucker v. 300 West 22 Realty LLC |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 12/06/2018 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10618 |
| Case Title | Tucker v. 20 East 76th Street Co., LLC |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 03/18/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10619 |
| Case Title | Tucker v. Highgate Hotels, L.P. |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 05/06/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv10621 |
| Case Title | Tucker v. Bath & Tennis Hotel Corp. |
| Court | New York Southern District Court |
| Date Filed | 11/14/2018 |
| Date Closed | 07/09/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11662 |
| Case Title | Tucker v. 303 Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 02/11/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11667 |
| Case Title | Tucker v. Aquavella Galleries, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 03/14/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11669 |
| Case Title | Tucker v. 511 Gallery LLC |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 08/14/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11670 |
| Case Title | Tucker v. A La Vieille Russie Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 02/13/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11671 |
| Case Title | Tucker v. Adam Baumgold Fine Art, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 04/05/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11673 |
| Case Title | Tucker v. Adelson Galleries, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 04/02/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11675 |
| Case Title | Tucker v. Agora Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 08/15/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11676 |
| Case Title | Tucker v. Albertz Benda LLC |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 05/29/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11679 |
| Case Title | Tucker v. Alexander's Antiques Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 05/15/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11680 |
| Case Title | Tucker v. Alexander Gray Associates, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/13/2018 |
| Date Closed | 03/19/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11725 |
| Case Title | Tucker v. Alexandre Fine Art Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 02/22/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11726 |
| Case Title | Tucker v. Allan Stone Galleries, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 02/22/2019 |



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [06/22/2015]; Date Filed (On or Before): [06/22/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Tucker]; First Name: [Henry]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 96 (2 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11728 |
| Case Title | Tucker v. Amsterdam Whitney International Fine Art, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 07/11/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11730 |
| Case Title | Tucker v. Andrew Edlin, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 04/24/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11731 |
| Case Title | Tucker v. Anton Kern, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 02/21/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11732 |
| Case Title | Tucker v. Aphrodite Ancient Art LLC |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 05/08/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11733 |
| Case Title | Tucker v. Arader & Associates, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 10/03/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11734 |
| Case Title | Tucker v. Baahng Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 02/14/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11735 |
| Case Title | Tucker v. Barbara Mathes Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 02/22/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11737 |
| Case Title | Tucker v. Bauman Books Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/14/2018 |
| Date Closed | 03/21/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11843 |
| Case Title | Tucker v. Blum & Poe New York, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 04/15/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11844 |
| Case Title | Tucker v. Boers Wei Galleries, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 08/14/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11845 |
| Case Title | Tucker v. Castelli Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 04/03/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11848 |
| Case Title | Tucker v. Craig F. Starr Associates, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 03/25/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11850 |
| Case Title | Tucker v. D. Wigmore Fine Art Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 04/22/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11858 |
| Case Title | Tucker v. David Tunick, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 02/20/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11859 |
| Case Title | Tucker v. David Zwirner Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 03/18/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11861 |
| Case Title | Tucker v. Di Donna Galleries, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 02/22/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11863 |
| Case Title | Tucker v. Dickinson Roundell, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 03/13/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11865 |
| Case Title | Tucker v. Didier Aaron, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/17/2018 |
| Date Closed | 04/30/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11952 |
| Case Title | Tucker v. Edward Tyler Nahem Fine Art, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 03/21/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11953 |
| Case Title | Tucker v. Erik Thomsen LLC |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 06/14/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11954 |
| Case Title | Tucker v. Francis M. Naumann Fine Art, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 04/02/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11955 |
| Case Title | Tucker v. Forum Gallery Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 04/04/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11957 |
| Case Title | Tucker v. Franklin Parrasch Gallery, Inc |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 03/01/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11958 |
| Case Title | Tucker v. Gagosian Gallery, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 05/13/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11959 |
| Case Title | Tucker v. The Galerie St. Etienne, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 02/26/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11960 |
| Case Title | Tucker v. Gitterman Gallery, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 04/04/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11961 |
| Case Title | Tucker v. Gladstone Gallery LLC |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 03/20/2019 |

| | |
|---|---|
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11962 |
| Case Title | Tucker v. Hans P. Kraus, Jr., Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 02/22/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2018cv11963 |
| Case Title | Tucker v. Helly Nahman Gallery Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/18/2018 |
| Date Closed | 09/19/2019 |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2019cv09840 |
| Case Title | Tucker v. Express, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2019cv09841 |
| Case Title | Tucker v. Amazon.com, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2019cv09842 |
| Case Title | Tucker v. Whole Foods Market Group, Inc., |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2019cv09843 |
| Case Title | Tucker v. Denny's Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Tucker, Henry (pla) |
| Case Number | 1:2019cv09844 |
| Case Title | Tucker v. Chick-Fil-A, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv09845 |
| Case Title | Tucker v. Ulta Beauty, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv10030 |
| Case Title | Tucker v. Billy Reid, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | 04/29/2020 |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv10031 |
| Case Title | Tucker v. C. & J. Clark Retail, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv10032 |
| Case Title | Tucker v. Abercrombie & Fitch Co. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv10033 |
| Case Title | Tucker v. Hollister Co. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv10289 |
| Case Title | Tucker v. Saks Fifth Avenue LLC |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
| --- | --- |
| Case Number | 1:2019cv10291 |
| Case Title | Tucker v. Puma North America, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | |

| Party Name | Tucker, Henry (pla) |
|---|---|
| Case Number | 1:2019cv10344 |
| Case Title | Tucker v. Reebok International Ltd. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |

# APPENDIX B – PACER records for Plaintiff's Counsel
# (as of June 26, 2020)

PACER Case Locator Search results

# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [10/24/2019]; Date Filed (On or Before): [06/26/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Gottlieb]; First Name: [Jeffrey]; Party Role: [ATY]; Sort: [Date Filed, Ascending]
**Result Count:** 146 (3 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09867 |
| Case Title | Thorne v. Chipotle Mexican Grill, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09845 |
| Case Title | Tucker v. Ulta Beauty, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09851 |
| Case Title | Delacruz v. Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09841 |
| Case Title | Tucker v. Amazon.com, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09866 |
| Case Title | Thorne v. CVS Health Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | 06/05/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09865 |
| Case Title | Thorne v. Trader Joe's Company |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv09860 |
| Case Title | Delacruz v. Best Buy Co., Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | 12/10/2019 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09852 |
| Case Title | Delacruz v. Bed Bath & Beyond Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09840 |
| Case Title | Tucker v. Express, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09836 |
| Case Title | Calcano v. McDonald's Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09823 |
| Case Title | Calcano v. Domino's Pizza, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09814 |
| Case Title | Calcano v. Gamestop Corp. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09817 |
| Case Title | Calcano v. Nordstrom, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv09819 |
| Case Title | Calcano v. Sephora USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv09842 |
| Case Title | Tucker v. Whole Foods Market Group, Inc., |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv09843 |
| Case Title | Tucker v. Denny's Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv09844 |
| Case Title | Tucker v. Chick-Fil-A, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv09820 |
| Case Title | Calcano v. Hooters of America, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06027 |
| Case Title | Camacho v. The Wendy's Company |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06031 |
| Case Title | Wu v. Burlington Stores, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06033 |
| Case Title | Wu v. Dick's Sporting Goods, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06035 |
| Case Title | Wu v. Petco Animal Supplies, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 03/02/2020 |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06022 |
| Case Title | Camacho v. Dave & Buster's Entertainment Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06024 |
| Case Title | Camacho v. Dunkin' Brands Group, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 03/13/2020 |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06034 |
| Case Title | Wu v. Guitar Center Stores, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 01/10/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09919 |
| Case Title | Murphy v. AMC Entertainment Holdings, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 06/05/2020 |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06025 |
| Case Title | Camacho v. Wakefern Food Corp. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09920 |
| Case Title | Murphy v. The Home Depot, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09930 |
| Case Title | Matzura v. Regal Cinemas, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09921 |
| Case Title | Murphy v. Kohl's Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 05/13/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09922 |
| Case Title | Murphy v. Petsmart, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09924 |
| Case Title | Matzura v. Claire's Boutiques, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09925 |
| Case Title | Matzura v. Five Guys Enterprises LLC |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 01/24/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06017 |
| Case Title | Camacho v. Benihana National Corp. |
| Court | New York Eastern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 02/24/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09926 |
| Case Title | Matzura v. Macy's Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09927 |
| Case Title | Matzura v. White Castle System, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 03/25/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09929 |
| Case Title | Matzura v. Red Lobster Hospitality LLC |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09928 |
| Case Title | Matzura v. Michaels Companies, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09932 |
| Case Title | Thorne v. Boston Market Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/27/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09934 |
| Case Title | Thorne v. Jersey Mike's Franchise Systems, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/27/2019 |
| Date Closed | 05/13/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv09933 |
| Case Title | Thorne v. American Dairy Queen Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/27/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10032 |
| Case Title | Tucker v. Abercrombie & Fitch Co. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10033 |
| Case Title | Tucker v. Hollister Co. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10030 |
| Case Title | Tucker v. Billy Reid, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | 04/29/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10031 |
| Case Title | Tucker v. C. & J. Clark Retail, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/29/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10060 |
| Case Title | Calcano v. Adidas America, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10062 |
| Case Title | Calcano v. American Eagle Outfitters, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10064 |
| Case Title | Calcano v. The Finish Line, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
| --- | --- |
| Case Number | 1:2019cv10101 |
| Case Title | Thorne v. Panda Express, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10054 |
| Case Title | Calcano v. TGI Friday's Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10056 |
| Case Title | Calcano v. Aero AG Holdings, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10069 |
| Case Title | Thorne v. Barnes & Noble Booksellers, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | 03/27/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10072 |
| Case Title | Thorne v. 7-Eleven, Inc., |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10100 |
| Case Title | Thorne v. Bob's Discount Furniture, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [10/24/2019]; Date Filed (On or Before): [06/26/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Gottlieb]; First Name: [Jeffrey]; Party Role: [ATY]; Sort: [Date Filed, Ascending]
**Result Count:** 146 (3 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10141 |
| Case Title | Matzura v. Seven for All Mankind, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10139 |
| Case Title | Matzura v. Mattel, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | 02/04/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10135 |
| Case Title | Matzura v. Arhaus, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | 01/28/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06174 |
| Case Title | Wu v. Eileen Fisher, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06161 |
| Case Title | Camacho v. Wingstop Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06166 |
| Case Title | Camacho v. Shake Shack Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06176 |
| Case Title | Wu v. Century 21 Department Stores LLC |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06178 |
| Case Title | Wu v. AT&T Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10143 |
| Case Title | Matzura v. Eddie Bauer LLC |
| Court | New York Southern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10108 |
| Case Title | Thorne v. Dick Blick Holdings, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | 03/03/2020 |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06170 |
| Case Title | Camacho v. Sweetgreen, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06171 |
| Case Title | Camcho v. Ethan Allen Interiors Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06173 |
| Case Title | Camacho v. Designer Brands Inc. |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06175 |
| Case Title | Wu v. The Walt Disney Company |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | 03/05/2020 |

| Party Name | Gottlieb, Jeffrey M. (aty) |
|---|---|
| Case Number | 2:2019cv06177 |
| Case Title | Wu v. Buffalo Exchange, LTD |
| Court | New York Eastern District Court |
| Date Filed | 10/31/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10197 |
| Case Title | Delacruz v. Brooks Brothers Group, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/02/2019 |
| Date Closed | 11/13/2019 |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10198 |
| Case Title | Delacruz v. Ralph Lauren Corporation |
| Court | New York Southern District Court |
| Date Filed | 11/02/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10199 |
| Case Title | Delacruz v. Crocs, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/02/2019 |
| Date Closed | 02/13/2020 |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10254 |
| Case Title | Delacruz v. Burberry Limited |
| Court | New York Southern District Court |
| Date Filed | 11/04/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10255 |
| Case Title | Delacruz v. Club Monaco U.S., LLC |
| Court | New York Southern District Court |
| Date Filed | 11/04/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10295 |
| Case Title | Delacruz v. Fossil Stores 1, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | 01/23/2020 |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10292 |
| Case Title | Delacruz v. Nike, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | 05/27/2020 |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10293 |
| Case Title | Delacruz v. Converse Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10289 |
| Case Title | Tucker v. Saks Fifth Avenue LLC |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10294 |
| Case Title | Delacruz v. Five Below, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10291 |
| Case Title | Tucker v. Puma North America, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/05/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10325 |
| Case Title | Delacruz v. Buca, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | 02/13/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10323 |
| Case Title | Murphy v. BP America Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | 06/02/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10322 |
| Case Title | Murphy v. Ruth's Hospitality Group, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10336 |
| Case Title | Matzura v. California Pizza Kitchen Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10329 |
| Case Title | Murphy v. Little Caesar Enterprises, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10324 |
| Case Title | Murphy v. Cost Plus, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10320 |
| Case Title | Murphy v. Fogo De Chao 53rd Street, New York LLC |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10344 |
| Case Title | Tucker v. Reebok International Ltd. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10346 |
| Case Title | Thorne v. H & M Hennes & Mauritz L.P. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10321 |
| Case Title | Delacruz v. Jamba Juice Company |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10319 |
| Case Title | Delacruz v. Ruby Tuesday, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10334 |
| Case Title | Murphy v. The Halal Guys Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10430 |
| Case Title | Calcano v. Lululemon USA Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10405 |
| Case Title | Calcano v. Michael Kors Retail, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | 03/09/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10432 |
| Case Title | Calcano v. The Art of Shaving-FL, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | 05/13/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10402 |
| Case Title | Thorne v. Godiva Chocolatier, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10403 |
| Case Title | Thorne v. Tory Burch LLC, |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10440 |
| Case Title | Calcano v. Cole Haan LLC |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10439 |
| Case Title | Calcano v. Buth-Na-Bodhaige, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10441 |
| Case Title | Calcano v. Guess, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10442 |
| Case Title | Calcano v. True Religion Apparel, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10438 |
| Case Title | Calcano v. Uniqlo USA LLC |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |

| Party Name | Gottlieb, Jeffrey Michael (aty) |
|---|---|
| Case Number | 1:2019cv10536 |
| Case Title | Calcano v. Swarovski North America Limited |
| Court | New York Southern District Court |
| Date Filed | 11/13/2019 |
| Date Closed | 05/11/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10534 |
| Case Title | Calcano v. Dos Toros Holdings LLC |
| Court | New York Southern District Court |
| Date Filed | 11/13/2019 |
| Date Closed | 05/15/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10594 |
| Case Title | Calcano v. Torrid LLC |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10598 |
| Case Title | Calcano v. Sur La Table, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06535 |
| Case Title | Wu v. Make-Up Art Cosmetics Inc. |
| Court | New York Eastern District Court |
| Date Filed | 11/19/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06533 |
| Case Title | Wu v. The Johnny Rockets Group, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 11/19/2019 |
| Date Closed | |



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [10/24/2019]; Date Filed (On or Before): [06/26/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Gottlieb]; First Name: [Jeffrey]; Party Role: [ATY]; Sort: [Date Filed, Ascending]
**Result Count:** 146 (3 pages)
**Current Page:** 2

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10706 |
| Case Title | Delacruz v. Harmon Stores, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/19/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10711 |
| Case Title | Delacruz v. Christmas Tree Shops, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/19/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv06539 |
| Case Title | Wu v. J. Jill, Inc. |
| Court | New York Eastern District Court |
| Date Filed | 11/19/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10782 |
| Case Title | Sosa v. Vitamin Shoppe, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10746 |
| Case Title | Sosa v. Recreational Equipment, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10759 |
| Case Title | Sosa v. Under Armour Retail, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | 06/05/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10744 |
| Case Title | Sosa v. Patagonia, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10754 |
| Case Title | Sosa v. Tiffany and Company |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10748 |
| Case Title | Sosa v. The Talbots, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10960 |
| Case Title | Sosa v. Uno Restaurant Holdings Corporation et al |
| Court | New York Southern District Court |
| Date Filed | 11/26/2019 |
| Date Closed | 06/01/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10958 |
| Case Title | Sosa v. Zara USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/26/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv10999 |
| Case Title | Delacruz v. The Yankee Candle Company, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/27/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11022 |
| Case Title | Delacruz v. Verizon Communications Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/30/2019 |
| Date Closed | 06/08/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11147 |
| Case Title | Calcano v. David Yurman Enterprises LLC |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | 01/28/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11145 |
| Case Title | Calcano v. Indochino Apparel (US) Inc |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | 03/13/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11227 |
| Case Title | Calcano v. Canada Goose US, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/07/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11229 |
| Case Title | Calcano v. Stance, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/07/2019 |
| Date Closed | 06/08/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11228 |
| Case Title | Calcano v. Vineyard Vines, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/07/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11345 |
| Case Title | Matzura v. Warby Parker Retail, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 12/11/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11346 |
| Case Title | Matzura v. Nintendo of America Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/11/2019 |
| Date Closed | 03/05/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11348 |
| Case Title | Matzura v. Rag & Bone Holdings LLC |
| Court | New York Southern District Court |
| Date Filed | 12/11/2019 |
| Date Closed | 06/08/2020 |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11350 |
| Case Title | Sosa v. Oxford Industries, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/11/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11349 |
| Case Title | Matzura v. Rebecca Minkoff, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/11/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11344 |
| Case Title | Matzura v. New Balance Athletics, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/11/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv07010 |
| Case Title | Camacho v. Pacific Sunwear of California, LLC et al |
| Court | New York Eastern District Court |
| Date Filed | 12/13/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv07006 |
| Case Title | Camacho v. Aldi Inc. |
| Court | New York Eastern District Court |
| Date Filed | 12/13/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv07007 |
| Case Title | Camacho v. Columbia Sportswear Company |
| Court | New York Eastern District Court |
| Date Filed | 12/13/2019 |
| Date Closed | 06/19/2020 |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11467 |
| Case Title | Calcano v. Best Buy Co., Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/13/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey M. (aty) |
| Case Number | 2:2019cv07009 |
| Case Title | Camacho v. Dr. Martens Airwair USA LLC |
| Court | New York Eastern District Court |
| Date Filed | 12/13/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2019cv11562 |
| Case Title | Matzura v. Deckers Outdoor Corporation |
| Court | New York Southern District Court |
| Date Filed | 12/17/2019 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04780 |
| Case Title | Sosa v. Electric Animal LLC |
| Court | New York Southern District Court |
| Date Filed | 06/22/2020 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04782 |
| Case Title | Sosa v. USA Medical and Surgical Supplies LLC |
| Court | New York Southern District Court |
| Date Filed | 06/22/2020 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04781 |
| Case Title | Sosa v. The Medical Supply Guy Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/22/2020 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04828 |
| Case Title | Sosa v. W.B. Mason Co., Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/23/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04860 |
| Case Title | Sosa v. Local CPAP New York, LLC |
| Court | New York Southern District Court |
| Date Filed | 06/24/2020 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04863 |
| Case Title | Sosa v. Pat McGrath Cosmetics LLC |
| Court | New York Southern District Court |
| Date Filed | 06/24/2020 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04856 |
| Case Title | Sosa v. Hernandez et al |
| Court | New York Southern District Court |
| Date Filed | 06/24/2020 |
| Date Closed | |
| Party Name | Gottlieb, Jeffrey Michael (aty) |
| Case Number | 1:2020cv04899 |
| Case Title | Sosa v. C.O. Bigelow Chemists, Inc. |
| Court | New York Southern District Court |
| Date Filed | 06/25/2020 |
| Date Closed | |

# APPENDIX C – Dominguez v. Banana Republic First Amended Complaint (Case No. 1:19-CV-10171-GHW, Dkt. 22, February 21, 2020)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YOVANNY DOMINGUEZ AND ON BEHALF OF
ALL OTHER PERSONS SIMILARLY
SITUATED,

                Plaintiffs,

                v.

BANANA REPUBLIC, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ECF CASE

No.: 1:19-cv-10171

**FIRST AMENDED
CLASS ACTION COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

<u>INTRODUCTION</u>

1.      Plaintiff, YOVANNY DOMINGUEZ, on behalf of himself and all others similarly situated, ("Plaintiff") asserts the following claims against Defendant, BANANA REPUBLIC, LLC, as follows.

2.      Plaintiff is a visually-impaired and legally blind person who requires Braille, which is a tactile writing system, to read written material. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

3.      Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of New York[1].

---

[1] About 90% of blind or severely visually impaired people who are employed use Braille, according to the 2012 Report of the National Library Service for the Blind and Physically

4.      Plaintiff brings his civil rights action against BANANA REPUBLIC, LLC, ("Defendant" or "Banana Republic"), for its failure to sell pre-paid cash cards, colloquially referred as "store gift cards,"[2] to consumers that have auxiliary aids and services, such as writing in Braille, to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

5.      Without an effective auxiliary aid for the physical cards, Plaintiff, and others similarly situated, cannot independently access the information contained thereon in order use the card like a sighted person.

6.      Plaintiff cannot independently complete a transaction on-line through a website or by phone with a customer service agent because certain details such as the unique card number (or PIN code) and other important information such as the terms cannot be independently identified due to a lack of auxiliary aids on the card.

7.      Without an auxiliary aid, such as Braille, on the physical cards, Plaintiff cannot independently access the information, like a sighted person, to make a purchase: (a) *in-store* because the card is not distinguishable from other cards and Plaintiff would have to rely on the good will of strangers to pick the card out of their private bag or wallet or (b) *through a website or by phone* with a customer service agent because certain

---

Handicapped. (source: https://www.goodmorningamerica.com/living/story/national-shortage-braille-teachers-situation-dire-66013086).

[2] "Store Gift Card" - An electronic promise, plastic card, or other device that is (i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark or logo; (ii) issued in a specified amount, whether or not that amount may be increased in value or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services. 15 U.S.C. 1693l-1(a)(2)(C)

details such as the unique card number and other important information such as the terms cannot be independently identified.

8.    The technology needed to provide appropriate accommodations such as braille exists and is neither difficult nor expensive to implement.

9.    Defendant's denial of full and equal access of its store gift cards to visually impaired persons, is a denial of its products and services offered to the general public in conjunction with its physical locations and therefore is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

10.   Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers.

## JURISDICTION AND VENUE

11.   The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332.

12.   The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's New York State Human Rights Law, N.Y. Exec. Law Article 15, ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*., ("NYCHRL") claims.

13.   Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this

District, and a substantial portion of the conduct complained of herein occurred in this District.

14.     Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York that caused injury, and violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's gift cards and therefore deter Plaintiff on a regular basis from visiting Defendant's brick-and-mortar locations.

15.     Defendant has sold store gift cards, presently sells store gift cards and, upon information and belief, intends to continue selling store gift cards that are not accessible [3] to blind and vision-impaired consumers; and, upon information and belief, does not plan to cease this discriminatory conduct.

16.     On October 26, 2019, the Plaintiff telephoned Defendant's customer service office in an attempt to purchase a store gift card from the Defendant and inquired if Defendant sold store gift cards containing Braille and was informed by Defendant's employee that Defendant does not sell store gift cards containing Braille, which is a barrier encountered by Plaintiff.

17.     During the call, the Defendant's employee did not offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards.

---

[3] Copy of Defendant's store gift card is annexed hereto as Exhibit "A".

18.    The Plaintiff could not locate accessible store gift cards to purchase from the Defendant because they are not offered by the Defendant.

19.    Upon information and belief, Defendant does not offer auxiliary aids with respect to the gift cards.

20.    Due to the lack of auxiliary aids for Defendant's gift cards, Plaintiff cannot ascertain information about the gift card, like the balance, the gift card's terms and conditions of use, or even be able to distinguish Defendant's branded gift cards from others in the same manner as non-blind persons.

21.    Plaintiff has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store.

22.    Defendant has failed to provide visually impaired patrons with the particular level of services available to non-disabled patrons. Accordingly, Defendant has violated the non-discrimination mandate of the ADA.

23.    The Court is empowered to issue a declaratory judgment under 28 U.S.C. §§2201 and 2202.

## THE PARTIES

24.    Plaintiff, at all relevant times, is a resident of Bronx, New York. Plaintiff is a blind, visually-impaired handicapped person and a member of member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*., the NYSHRL and NYCHRL. Plaintiff is proficient in reading Braille.

-5-

25.     Plaintiff resides within close proximity to at least one of Defendant's physical locations.

26.     Defendant, BANANA REPUBLIC, LLC, is and was, at all relevant times herein, registered to do business in New York and a Foreign Limited Liability Company with its principal executive offices in San Francisco, CA. Defendant owns, operates and/or controls Banana Republic retail stores in the City and State of New York and throughout the world. Defendant is doing business in the State of New York. Banana Republic owns, operates and/or controls multiple retail locations in the State of New York and is one of the largest retailers in the world.

27.     Defendant owns, operates and/or controls Banana Republic stores across the United States. Several of these retail stores are located in the Southern District of New York, and in close proximity to Plaintiffs residence. These retail stores constitute places of public accommodation. Defendant's retail stores provide to the public important goods and services.

28.     Defendant's locations are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's store gift cards are a service, privilege, or advantage of Defendant's retail stores.

29.     Defendant places its "closed-loop[4]" gift cards into the stream of commerce, to entice customers to patronize Defendant's locations.

30.     The Defendant's store gift card is treated like cash and is an alternative method of payment that may be used to make a purchase of goods and services.

<u>THE STORE GIFT CARD MARKET</u>

---

[4] "Closed-Loop" gift cards are accepted only at a specified merchant or affiliated merchants.

31.     According to industry surveys, sales of store gift cards was about $400 billion in 2019 and grows annually at 10%[5]. The survey also found that 65% of gift card recipients spent 38% more than the face value of the card and 73.4% of adults purchased at least 1 gift card for holiday shopping.[6]

32.     Store gift cards, also referred to as pre-paid cash cards, substantially increase revenue for merchants because they foster communication, brand loyalty, increase sales and consumers often spend more money than the amount of the store gift cards.

33.     Gift cards allow consumers to choose their own purchase privately and consumers use them for their own budgetary reasons as well as an alternative to carrying around cash for security reasons.

34.     The gift cards, a cash like product, is covered by the ADA and therefore required to be accessible like the U.S. Currency. Specifically, the U.S. Treasury is ordered to "to design and issue paper currency that is readily distinguishable to blind and visually impaired individuals."[7]

35.     Store gift cards almost always are the same size and texture as credit cards, debit cards, insurance cards and ID cards and therefore are indistinguishable by a blind person from one another[8].Gift cards are statutorily regulated and have mandatory disclosure requirements. Federal[9] and New York State[10] statutes require that gift cards

---

[5] https://www.mageplaza.com/blog/gift-card-statistics.html
[6] *Id.*
[7] *American Council of the Blind v. Paulson, Sect. of the Treasury,* 463 F. 2d 51 (USDC DC, 2006), *aff'd* 525 F. 3d 1256 (USCA DC Cir.)
[8] Upon information and belief, there is only one gift card on the market that contains Braille and it is issued by Starbucks
[9] 15 U.S.C. 16931-1, 12 C.F.R. 1005.15, 1005.20 (c)(4), 1005.20 (f)

"clearly and conspicuously" post certain terms and conditions on them, prior to purchase such as expiration dates, fees, and a toll-free telephone number.

36.    The "clear and conspicuous" posting requirements of terms and conditions mandated by statute is designed to protect consumers pursuant to applicable state and federal gift card laws.

36.    Defendant's gift cards, or their packaging, do not contain Braille or any other auxiliary aid for effective communication and therefore a blind or vision-impaired consumer must rely upon the help of a sighted person in purchasing the gift card, accessing it and redeeming it, especially when a blind consumer is not in the Defendant's location.

37.    The addition of Braille would restore the dignity to blind persons and also help prevent fraud or errors to these vulnerable members of our society.

STATEMENT OF FACTS

Defendant's Barriers On Its Store Gift Cards

38.    Defendant owns, operates and/or controls its retail stores, sells pre-paid cash cards, colloquially referred to as store gift cards, to the public, that are intertwined with their physical locations and used as an alternative method of payment with communications thereon. One or more of its retail stores is located in New York City. Defendant's retail stores constitute places of public accommodation.

39.    It is, upon information and belief, Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's store

---

[10] NY GBL § 396-i

gift cards due to the lack of auxiliary aids, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's retail stores.

40.     Due to Defendant's failure and refusal to remove access barriers to its store gift cards, Plaintiff and visually-impaired persons have been and are still being denied equal access to Defendant's retail stores and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards.

41.     The Defendant's failure to provide an auxiliary aid and/or service to blind or vision-impaired consumers to provide an effective means of communication of terms and conditions on the gift cards constitutes a violation of the ADA.

### Defendant Must Remove Barriers On Its Store Gift Cards

42.     Due to the inaccessibility of Defendant's store gift cards, which are intertwined with their physical locations, blind and visually-impaired customers such as Plaintiff, cannot fully and equally use or enjoy the Defendants facilities, goods, and services Defendant offers to the public at its retail stores.

43.     The access barriers Plaintiff encountered have caused and continue to cause a denial of Plaintiff's full and equal access, and now deter Plaintiff on a regular basis from purchasing, accessing, and utilizing the store gift cards.

44.     The barriers encountered have further deterred Plaintiff from visiting Defendant's physical locations, and enjoying them equally as sighted individuals because Plaintiff was unable to purchase an accessible gift card that provides meaningful access to the material information printed thereon which a non-visually impaired person can access independently.

45.     Plaintiff intends to immediately go purchase an accessible store gift card issued by the Defendant, with suitable auxiliary aids and services for effective communication, as soon as they become available to be used independently, as sighted individuals do.

46.     If the store gift cards were equally accessible, Plaintiff could independently purchase the store gift cards, distinguish them from other cards, ascertain the terms and conditions, the unique identification number, and remaining balance on the gift card as sighted individuals do.

47.     Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

48.     Plaintiff alleges that Defendant has engaged in acts of intentional discrimination by not implementing simple and inexpensive auxiliary aids for store gift cards, including but not limited to the following policies or practices:

a.     Developing marketing and selling store gift cards that are inaccessible to visually-impaired individuals; and/or

b.     Failure to sell store gift cards that are not sufficiently intuitive so as to be equally accessible to visually-impaired individuals; and/or

c.     Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class; and/or

d.     Failure to offer suitable auxiliary aids and services to ensure effective communication to blind and vision-impaired individuals, including Plaintiff with respect to Defendant's gift cards; and/or

e. Failure to train Defendant's employees with the proper methods of assisting blind and visually-impaired customers with regards to its gift cards and auxiliary aids.

49. Defendant therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

50. Title III of the ADA requires that public accommodations provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii).

51. Defendant discriminates on the basis of disability because they fail to afford individuals who are visually impaired with the same ability to independently access the goods and services provided to others, thus failing to ensure effective communication with its visually impaired customers during transactions for its goods and services.

52. The regulation sets forth numerous examples of "auxiliary aids and services", including, without limitation, "Brailled materials and displays..." 28 C.F.R. § 36.303(b)(2).

53. In addition to the general nondiscrimination mandate, Title III prohibits public accommodations from engaging in specific types of discrimination, including the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, unless the entity can demonstrate

that taking such steps would fundamentally alter the nature of the good, services, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii); *see also* 28 C.F.R. § 36.303(a).

54.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . **Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service,** (emphasis added) . . . modification of a policy . . .          42 U.S.C. § 12188(a)(2)

> Nothing in this section shall require a person with disability to engage in a futile gesture if such person has actual notice that a person or organization … does not intend to comply with its provisions.          42 U.S.C. § 12188(a)(1)

55.     Because Defendant's store gift cards have never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its store gift cards to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring Defendant to design, implement, distribute and sell store gift cards integrated with the Defendant's retail stores that are accessible to blind and vision-impaired individuals that may include Braille writing that identifies the name of the merchant and the denomination of the gift card (if the gift card has a specified denomination) and additionally convey other pertinent and statutorily required information contained on all of Defendant's store gift cards such as terms of use, expiration dates, fees, a toll-free telephone number, ability to ascertain gift card balance, etc.

56.     If the store gift cards were accessible, Plaintiff and similarly situated blind and visually-impaired people could independently utilize them.

-12-

57.     Although Defendant may currently have centralized policies regarding its store gift cards, Defendant lacks a plan and policy reasonably calculated to make them fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

58.     Defendant has, upon information and belief, invested substantial sums in marketing and selling its store gift cards and has generated significant revenue from the store gift cards. These amounts are far greater than the associated cost of making its store gift cards equally accessible to visually impaired customers.

59.     Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the store gift cards, violating their rights.

<u>CLASS ACTION ALLEGATIONS</u>

60.     Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who would like to purchase accessible store gift cards from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

61.     Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a New York State subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the State of New York who would like to purchase accessible store gift cards from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

-13-

62. Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who would like to purchase accessible store gift cards from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

63. Common questions of law and fact exist amongst Class, including:

a. Whether Defendant's store gift cards are a "public accommodation" under the ADA;

b. Whether Defendant's store gift cards are a "place or provider of public accommodation" under the NYSHRL or NYCHRL;

c. Whether Defendant's store gift cards deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA; and

d. Whether Defendant's store gift cards deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYSHRL or NYCHRL.

64. Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA, NYSHRL or NYCHRL by failing to update or remove access barriers on its store gift cards so they and Defendant's physical locations can be independently accessible to the Class.

-14-

65.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation as well as ADA litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

66.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of their litigation.

67.     Judicial economy will be served by maintaining their lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

<u>FIRST CAUSE OF ACTION</u>
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

68.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

69.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

70.  Defendant's retail stores are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's store gift cards are a service, privilege, or advantage of Defendant's retail stores. The store gift cards are a service that is integrated with these locations.

71.  Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

72.  Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

73.  Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that **no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services** (emphasis added), unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service,

facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

**"Auxiliary aids and services" includes Brailled materials and displays. 28 CFR 36.303 (b)(2). "[I]n order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way to protect the privacy and independence of the individual with a disability. 28 CFR 36.303 (c)(ii).**[11]

74.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the store gift cards, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled sighted persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

75.     Under 42 U.S.C. § 12188(a) and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

---

[11] *See*, *New v. Lucky Brand Dungarees Stores, Inc.*, 14-cv-02054, SDFL, Statement of Interest of the United States of America at pg. 7. "Indeed, there are many instances where the Department has found physical and communication barriers not specifically identified in its regulations or the ADA Standards to be covered under title III."

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE NYSHRL

76.     Plaintiff, on behalf of himself and the New York State Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

77.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

78.     Defendant's physical locations are located in the State of New York and constitute places of public accommodation within the definition of N.Y. Exec. Law § 292(9). Defendant's store gift cards are a service, privilege or advantage of Defendant. Defendant's store gift cards are a service that is by and integrated with Defendant's physical locations.

79.     Defendant is subject to New York Human Rights Law because it owns, operates and/or controls its physical locations and sells its store gift cards. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

80.     Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to its store gift cards, causing its store gift cards and the services integrated with Defendant's physical locations to be completely inaccessible to the blind. Their inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

-18-

81.     Under N.Y. Exec. Law § 296(2)(c)(i), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations being offered or would result in an undue burden."

82.     Under N.Y. Exec. Law § 296(2)(c)(ii), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

83.     Readily available manufacturing and/or printing capabilities exist for making store gift cards accessible to the blind and visually impaired. The addition to store gift cards of Braille on the gift card would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

84.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the NYSHRL, N.Y. Exec. Law § 296(2) in that Defendant is:

        a.      Developing, marketing and selling store gift cards that are inaccessible to blind class members with knowledge of the discrimination; and/or

-19-

  b.  Failing to sell store gift cards that are not sufficiently intuitive and/or obvious and that are inaccessible to blind class members; and/or

  c.  Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members, and/or

  d.  Failure to offer suitable auxiliary aids and services to ensure effective communication to blind and vision-impaired individuals, including Plaintiff with respect to Defendant's gift cards; and/or

  e.  Failure to train Defendant's employees with the proper methods of assisting blind and visually-impaired customers with regards to its gift cards.

85.  Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

86.  Defendant discriminates, and will continue in the future to discriminate against Plaintiff and New York State Sub-Class Members on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Defendant's store gift cards and its physical locations under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and the Sub-Class Members will continue to suffer irreparable harm.

87.  Defendant's actions were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

88.  Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for each and every offense.

89.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

90.     Under N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

THIRD CAUSE OF ACTION
VIOLATIONS OF THE NYCHRL

91.     Plaintiff, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

92.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

93.     Defendant's locations are places of public accommodation within the definition of N.Y.C. Admin. Code § 8-102(9), and its store gift cards are a service that is integrated with its establishments.

94.     Defendant is subject to NYCHRL because it owns, operates and/or controls its physical locations in the City of New York and its store gift cards, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

95.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to its store gift cards, causing its store gift cards and the services integrated with its physical locations to be completely inaccessible

to the blind. The inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.

96.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

97.     Defendant's actions constitute willful intentional discrimination against the Sub-Class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant is:

a.     developing, marketing and selling store gift cards that are inaccessible to blind class members with knowledge of the discrimination; and/or

b.     failing to sell store gift cards that are sufficiently intuitive and/or obvious and that is inaccessible to blind class members; and/or

c.     failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members; and/or

d.     Failure to offer suitable auxiliary aids and services to ensure effective communication to blind and vision-impaired individuals, including Plaintiff with respect to Defendant's gift cards; and/or

e.     Failure to train Defendant's employees with the proper methods of assisting blind and visually-impaired customers with regards to its gift cards.

98.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

99.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its store gift cards and its establishments under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

100.    Defendant's actions were and are in violation of the NYCHRL and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

101.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

102.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

103.    Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

FOURTH CAUSE OF ACTION
DECLARATORY RELIEF

104.    Plaintiff, on behalf of himself and the Class and New York State and City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

105.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, Defendant's store gift cards contain access barriers denying blind customers the full and equal access to the goods, services and facilities of its store gift cards and by extension its physical locations, which Defendant owns, operates and controls, and fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

106.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief:

a.      A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

b.      A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its store gift cards into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the store gift cards are readily accessible to and usable by blind individuals;

c.      A declaration that Defendant markets, distributes and sells store gift cards in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42

U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York

        d.     An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

        e.     Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of their civil rights under New York State Human Rights Law and City Law;

        f.     Pre- and post-judgment interest;

        g.     An award of costs and expenses of the action together with reasonable attorneys' and expert fees; and

        h.     Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.

Dated:  New York, New York
        February 21, 2020

THE MARKS LAW FIRM, PC

Bradly G. Marks
175 Varick St., 3rd Floor
New York, New York 10014
Tel: (646) 770-3775
Fax: (646) 867-2639
brad@markslawpc.com

Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284

## <u>CERTIFICATE OF SERVICE</u>

I, Michael F. Fleming, hereby certify that a true and correct copy of the foregoing

Memorandum of Law In Support Of Defendant's Motion To Dismiss Plaintiff's Amended

Complaint was served via ECF on this 26th day of June, 2020 upon attorneys for Plaintiff.

Dated:  June 26, 2020                                          */s/ Michael F. Fleming*
                                                                              Michael F. Fleming